FILED
United States Court of Appeals
Tenth Circuit

December 18, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GALEN W. GAY,

      Defendant-Appellant.

No. 07-8054
(D.C. No. 07-CR-13-J)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Galen W. Gay pled guilty to a one-count indictment charging him with

receipt of child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). The

district court sentenced him to 121 months imprisonment followed by lifetime

supervised release, a $500 fine, and a $100 special assessment. On appeal, Mr.

Gay's counsel filed an *Anders* brief and moved to withdraw as counsel. *See*

*Anders v. California*, 386 U.S. 738 (1967). We received no response from Mr.

---

[*]After examining the brief and appellate record, this panel has determined
unanimously to grant counsel's request for a decision on the brief without oral
argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Gay, and the government also declined to file a response. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

\* \* \*

The Wyoming Internet Crimes Against Children Task Force initiated an investigation into a computer in Casper, Wyoming that was being utilized to offer child pornography through the use of a peer-to-peer file sharing program. The computer belonged to Mr. Gay, and officers executed a search warrant on his residence on November 16, 2006, seizing two computers and an external hard drive which contained well over 1,000 images of child sexual abuse. Mr. Gay admitted that he had viewed child pornography for approximately six years and that the external hard drive would contain multiple images of child pornography. The resulting indictment charged Mr. Gay with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Subsequently, the government dismissed the second count and Mr. Gay pled guilty to the first, receipt of child pornography, pursuant to a written plea agreement.

According to the advisory United States Sentencing Guidelines ("Guidelines"), Mr. Gay's conviction carried a base offense level of 22. *See* U.S.S.G. § 2G2.2(a)(2). His specific offense characteristics, however, resulted in

a 15-level enhancement. *See id.* § 2G2.2(b)(2) (material involved prepubescent minors under age 12); *id.* § 2G2.2(b)(3)(F) (offense involved distribution); *id.* § 2G2.2(b)(4) (images depicted sadistic or masochistic conduct); *id.* § 2G2.2(b)(6) (offense involved use of a computer); *id.* § 2G2.2(b)(7)(D) (offense involved over 600 images of child pornography). Subtracting 3 levels for acceptance of responsibility, Mr. Gay's final suggested offense level was 34. Because he had no prior convictions, Mr. Gay was classified as a criminal history category level I. That offense level and criminal history category produced a proposed Guidelines sentencing range of 151 to 188 months imprisonment and five years to life supervised release. In the presentence report, however, the probation officer recommended a 2-level variance from the proposed Guidelines range for post-offense rehabilitation, resulting in a sentencing range of 121 to 151 months imprisonment.

Mr. Gay did not challenge any material aspect of the presentence report, which included the Guidelines range calculation and information about his background, family, rehabilitation, and other potentially relevant factors. He did, however, express agreement with the presentence report's recommendation that a 2-level variance for post-offense rehabilitation was warranted, and he urged the court to vary even further pursuant to the 18 U.S.C. § 3553 sentencing factors and sentence him to 60 months imprisonment and 120 months supervised release, the mandatory minimum sentence. At the sentencing hearing, Mr. Gay's counsel

reiterated this request, based on, among other things, the fact that Mr. Gay immediately entered into treatment and counseling following the execution of the search warrant, and that through treatment and counseling he was diagnosed with voyeurism, obsessive-compulsive disorder, and attention deficit disorder.

Before adopting the unchallenged presentence report, the district court meticulously summarized and explained the factual findings and Guidelines range calculation contained within it. The court also addressed the Section 3553(a) sentencing factors at length, including the nature of the offense, the history and characteristics of Mr. Gay, and the report from his mental health care provider. Finally, the court acknowledged the recommendation for a 2-level variance based on Mr. Gay's disorders, response to treatment, and lack of threat as a pedophile. As a result, the district court imposed a sentence of 121 months—reflecting the 2-level variance from the proposed Guidelines range—and lifetime supervised release, finding that "this is the most reasonable sentence based upon consideration of all factors enumerated in section 3553 of Title 18 United States Code" and noting that "the same sentence would be imposed even if the advisory guideline range was determined to be improperly calculated." Sent. Hr'g Tr. at 40.

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal]

- 4 -

where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In her *Anders* brief, counsel noted that this appeal would conceivably be meritorious only if (1) the guilty plea were not voluntary or (2) the sentence were unreasonable. After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for either of these arguments.

A valid guilty plea must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. The record indicates that the district court fulfilled the requirements set out in Rule 11 and those announced in *Gigot* to ensure the validity of the plea. *See* Plea Hr'g. Tr. (indicating that the district court judge verified a factual basis for the plea, questioned the defendant and confirmed that he fully understood the charges against him and the consequences of the plea, and otherwise ensured that the plea was freely, voluntarily, and intelligently made). Mr. Gay has failed to

put forward any evidence or arguments that would place the plea's validity in doubt, and so any appeal on this ground would be frivolous.

Bearing in mind the various sentencing factors set forth by Congress in 18 U.S.C. § 3553(a), we also discern no reason to think that the district court abused its discretion in any way in sentencing Mr. Gay. *See Gall v. United States*, No. 06-7949, --- S. Ct. ---, slip op. at 2 (Dec. 10, 2007) ("[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."). In assessing the appropriate extent of the variance, which it ultimately fixed at 2 levels, the district court specifically considered the statutory maximum and mandatory minimum sentences and the differences between Mr. Gay and other offenders sentenced for his crime. The court also expressly took account of, among other things, Mr. Gay's immediate efforts seeking mental health treatment after the execution of the search warrant, his diagnosis with obsessive compulsive disorder and attention deficit disorder, the rehabilitative progress he was making, and letters from family and friends about his citizenship in the community. The court thus fully considered Mr. Gay's rehabilitative efforts and arguments for variance as measured against the applicable Section 3553(a) factors. On this record, we see no colorable ground for a challenge to Mr. Gay's sentence.

\* \* \*

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge