**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PABLO CORRALES-CARDENAS,

Defendant - Appellant.

No. 07-8061

(D. Wyoming)

(D.C. No. 07-CR-07-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Pablo Corrales-Cardenas pled guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1)

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and (b)(1)(A)(viii), and two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced to sixty four months' imprisonment, followed by five years of supervised release, along with deportation to occur upon release, a $300 fine, and a $200 special assessment. Corrales-Cardenas appeals his sentence.

Corrales-Cardenas' appointed counsel, Federal Public Defender Raymond P. Moore, has filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Corrales-Cardenas has not filed a response, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and on our own review of the record. For the reasons set forth below, we agree with Mr. Moore that the record in this case provides no non-frivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

Prior to the arrival of Corrales-Cardenas, a citizen of Mexico, in Sweetwater County, Wyoming, in December 2006, the Wyoming Division of Criminal Investigation, Southwest Enforcement Team ("DCI") had initiated an investigation through a confidential informant ("CI") against Lorenzo Alatorre-Guevara, one of Corrales-Cardenas' co-defendants. By the time Corrales-Cardenas arrived in Wyoming, DCI had already conducted two controlled buys of

methamphetamine with Corrales-Cardenas' co-defendants and had gathered information about a conspiracy involving those individuals.

On January 2, 2007, the CI performed a controlled buy of one ounce of methamphetamine from Alatorre-Guevara and Corrales-Cardenas. On January 4, the CI performed a controlled buy of two ounces of methamphetamine from Corrales-Cardenas and another co-defendant, Manuela Villa-Espitia. On that same day, DCI executed a search warrant on Alatorre-Guevara's residence and vehicles, seizing approximately four pounds of methamphetamine.

On May 2, 2007, Corrales-Cardenas and the government entered into a plea agreement. The plea agreement included a stipulation that Corrales-Cardenas' relevant conduct included at least 500 grams of methamphetamine and asserted that the government would present evidence to prove that his conduct involved distribution of more than 500 grams. Corrales-Cardenas agreed to plead guilty to the three counts, in exchange for the government's agreement: (1) that he was entitled to a full three-level reduction in his offense level for acceptance of responsibility, pursuant to United Sentencing Commission, Guidelines Manual ("USSG") §3E1.1(a) and (b); (2) to move for a downward departure pursuant to USSG §5K1.1 if Corrales-Cardenas cooperated with the government in the prosecution of others; and (3) to dismiss one of the two distribution counts at sentencing.

At his change-of-plea hearing, the essential terms of the plea agreement were reviewed. Corrales-Cardenas stated that, with the help of an interpreter, he understood the plea agreement, and he had read it and discussed it with his counsel. He confirmed that he had signed it freely and voluntarily. The district court, as well as both counsel, reviewed the applicable statutory penalties and the anticipated application of the Guidelines. The court further confirmed that Corrales-Cardenas had thoroughly discussed the charges against him with counsel; that he was satisfied with his counsel's representation; that the court could impose any sentence it deemed appropriate; and that this conviction made it extremely unlikely Corrales-Cardenas could ever reenter the United States legally or become a United States citizen. The court then discussed all of the rights available to a defendant in court, and confirmed that Corrales-Cardenas understood that he was waiving all those rights by pleading guilty. The district court also confirmed that, at the time of the change of plea hearing, there was considerable uncertainty as to how the Guidelines would apply, in view of the fact that Corrales-Cardenas had not yet made a proffer of information to the government that might support either a downward departure based on the "safety valve" provisions of 18 U.S.C. § 3553(f) and USSG §2D1.1(c)(3) or a motion for a downward departure based on substantial assistance, pursuant to USSG §5K1.1.

Prior to receiving a plea from Corrales-Cardenas, the district court summarized the elements of each of the offenses that the government would have

to prove beyond a reasonable doubt. Corrales-Cardenas then indicated his desire to proceed with a guilty plea, provided a factual basis for his plea to each count, and entered a guilty plea.

In preparation for sentencing, the probation office prepared a presentence report ("PSR"). The PSR calculated Corrales-Cardenas' base offense level at 34, based on the quantity of methamphetamine asserted as relevant conduct, which was reduced to 29 with reductions for acceptance of responsibility and under the "safety valve."

At sentencing, the government filed its motion for a downward departure to offense level 25, based on substantial assistance under USSG §5K1.1, and moved to dismiss one of the distribution counts, as promised in the plea agreement. Corrales-Cardenas argued for a variance under 18 U.S.C. § 3553(a) based upon his testimony in the trial of his co-defendant, his lack of any prior criminal history, the lack of evidence related to any prior involvement with his co-defendant or in the distribution of controlled substances prior to this case, his devotion to his family, and his family's dependence on him for support. Corrales-Cardenas asked the court to grant him a downward variance so he could return to his family, and he observed that it was his family that was suffering because of his poor decisions.

The government argued against any further variance beyond its motion for downward departure pursuant to USSG §5K1.1, based upon the facts of the case

and the evidence showing Corrales-Cardenas' involvement in the conspiracy. The district court generally agreed with the government that Corrales-Cardenas' knowledge of the interaction and goals of the conspiracy contradicted any claim of superficial involvement.

In sentencing Corrales-Cardenas, the district court noted that Corrales-Cardenas had been a valuable witness for the government and he deserved recognition for that. The court further observed, however, that such value stemmed from the extent of Corrales-Cardenas' involvement and participation in the distribution of methamphetamine, and that he did not deserve to be placed in the same category of aliens who enter the United States for the sole purpose of finding work to support their families. The court noted that there was some disparity between Corrales-Cardenas' sentence and that imposed on his co-defendants, and that the only basis for that disparity was because Corrales-Cardenas had made himself eligible for a safety valve reduction and a further reduction by cooperating with and assisting the government. The court further noted that Corrales-Cardenas had been raised by a poor but law-abiding and honorable family, and that Corrales-Cardenas certainly had the ability to distinguish between right and wrong. The court stated it was sympathetic to the plight of Corrales-Cardenas' wife and children, but that suffering was the unfortunate consequence of Corrales-Cardenas' actions.

The court then imposed a sentence of sixty-four months, followed by five years of supervised release.  The court thereafter stated:

> The Court finds that the sentence I have just imposed is the most reasonable sentence upon consideration of the factors enumerated in 18 United States Code 3553.
>
> Furthermore, other than consideration of a "substantial assistance" motion, which has now been filed, the Court notes the same sentence would be imposed even if the advisory guideline range would have been determined to be improperly calculated.

R. Vol. 4 at 17.

## DISCUSSION

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744).  This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record.  The client may then choose to submit arguments to the court.  The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous.  If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744).

We agree with counsel that there is no nonfrivolous issue related to the district court's imposition of the sentence in this case. Counsel notes in his brief that the appeal would conceivably have merit only if the guilty plea was involuntary or otherwise invalid, or the sentence imposed was unreasonable. After fully examining the record, we agree with counsel that there is no basis in law or fact for either of these arguments.

"A valid guilty plea must be knowingly, intelligently, and voluntarily made." United States v. Gay, 509 F.3d 1334, 1337 (10th Cir. 2007) (citing United States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998); Fed. R. Crim. P. 11). The record in this case demonstrates that the district court fully complied with the requirements of Rule 11 and our caselaw in accepting the plea agreement. The record reveals no evidence, nor can we conceive of any plausible argument, that would cast any doubt upon the validity of Corrales-Cardenas' guilty plea.

Furthermore, "[b]earing in mind the various sentencing factors set forth by Congress in 18 U.S.C. § 3553(a), we also discern no reason to think that the district court abused its discretion in any way in sentencing [Corrales-Cardenas]." Id. (citing Gall v. United States, 128 S. Ct. 586, 591(2007)). The court fully explained why it reached the sentence it did, and we perceive no basis for Corrales-Cardenas to challenge that sentence.

**CONCLUSION**

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge