**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　　v.

CLINTON RAY McKEE,

　　　　Defendant - Appellant.

No. 07-5154

(N.D. Oklahoma)

(D.C. No. 4:07-CR-00090-TCK)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant and appellant Clinton Ray McKee pled guilty to two counts of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014; one count of misapplication of bank funds, in violation of 18 U.S.C.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 656; and one count of misapplication of credit union funds, in violation of 18 U.S.C. § 657. He was sentenced to twenty-one months' imprisonment on each count, to run concurrently, followed by five years of supervised release. McKee was also assessed $100 for each count, and ordered to pay restitution in the amount of $28,702.66. He seeks to appeal that conviction and/ or sentence.

During the plea colloquy prior to the entry of his guilty plea, the court specifically established that McKee was competent, that he was satisfied with his counsel, that he was pleading without coercion, that he was aware of the charges against him and the range of punishment, and that he knew what trial rights he waived by pleading guilty. In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated the applicable offense level as 16, which, with a criminal history category of I, yielded an advisory sentencing range under the United States Sentencing Commission, Guidelines Manual (USSG), of 21 to 27 months. At sentencing, McKee made no objection to the PSR. The court then sentenced McKee to twenty-one months' imprisonment, at the low end of the advisory Guideline range.

McKee's retained counsel, Beverly A. Atteberry, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). McKee has not filed a response and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own careful

review of the record.  For the reasons set forth below, we agree with Ms.

Atteberry that the record in this case provides no nonfrivolous basis for an appeal,

and we therefore grant her motion to withdraw and dismiss this appeal.

Under Anders, "counsel [may] request permission to withdraw [from an

appeal] where counsel conscientiously examines a case and determines that any

appeal would be wholly frivolous."  United States v. Calderon, 428 F.3d 928, 930

(10th Cir. 2005) (citing Anders, 386 U.S. at 744).  This process requires counsel

to:

> submit a brief to the client and the appellate court indicating any
> potential appealable issues based on the record.  The client may then
> choose to submit arguments to the court.  The court must then
> conduct a full examination of the record to determine whether
> defendant's claims are wholly frivolous.  If the court concludes after
> such an examination that the appeal is frivolous, it may grant
> counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744).  As indicated, McKee's counsel has filed her

Anders brief, to which neither McKee nor the government has responded.

This appeal could conceivably have merit only if the guilty plea was

involuntary or otherwise invalid, or the sentence imposed was unreasonable.

After fully examining the record, we agree with counsel that there is no basis in

law or fact for either of these arguments.

"A valid guilty plea must be knowingly, intelligently, and voluntarily

made."  United States v. Gay, 509 F.3d 1334, 1337 (10th Cir. 2007) (citing United

States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998); Fed. R. Crim. P. 11).  The

-3-

record reveals nothing that would cast doubt on the validity of McKee's guilty plea.

Furthermore, "[w]e review sentences for reasonableness under a deferential abuse of discretion standard." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 591 (2007)). "Reasonableness review is comprised of a procedural component and a substantive component." Id. Procedural unreasonableness occurs "if the district court incorrectly calculates or fails to calculate the Guideline sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." Id. A sentence is substantively unreasonable if its length "is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." Id.

We agree with Ms. Atteberry that there is no nonfrivolous ground in the record on which to appeal the imposition of the sentence in this case following McKee's guilty plea. For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-4-