FILED
United States Court of Appeals
Tenth Circuit

July 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIZABETH MARCHAND, a/k/a
Elizabeth Rodriguez,

Defendant - Appellant.

No. 08-1024
(D.C. No. 06-cr-00431-MSK-10)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Elizabeth Marchand pleaded guilty to use of a

communication facility, a telephone, to facilitate the commission of a drug

trafficking crime in violation of 21 U.S.C. § 843(b).  The district court sentenced

her to 48 months' imprisonment, the statutory maximum for that offense,

followed by 12 months' supervised release.  On appeal, Ms. Marchand argues that

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

(1) the district court erred procedurally in not taking into account Ms. Marchand's lack of knowledge of the amount of drugs involved in the offense; (2) the district court speculated regarding the benefits Ms. Marchand received by pleading guilty; (3) the district court misunderstood its discretion to vary from the guidelines; and (4) her sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

Ms. Marchand was indicted on two counts in a multi-count indictment against a number of defendants. Count 1 charged her and others with conspiracy to possess with intent to distribute and to distribute more than 500 grams of methamphetamine and more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). Count 13 charged her with knowingly and intentionally possessing with intent to distribute and attempting to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Ultimately, Ms. Marchand pleaded guilty to an information charging unlawful use of a communication facility in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2, in exchange for the government dismissing the applicable counts of the indictment. The factual basis for the plea was that she communicated to Fernando Valenzuela-Soto by telephone the details of the recent seizure of a large quantity of methamphetamine and that he should be wary of his

- 2 -

drug activities.  Then she accompanied Mr. Valenzuela-Soto to California when she was arrested and 1.3 kilograms of methamphetamine was seized from the vehicle they were traveling in.  III R. 14–16.

Based on the stipulated drug quantity, her offense level was 32, U.S.S.G. § 2D1.1(c)(4), but it was reduced to 25 due to a mitigating role, her minor role in the offense, and acceptance of responsibility adjustments, see id. §§ 2D1.1(a)(1)(3), 3B1.2, 3E1.1.  With a criminal history of II, her advisory guidelines range was 63 to 78 months.  The guidelines sentence became 48 months, the statutory maximum sentence under § 843(b).  U.S.S.G. § 5G1.1.  Ms. Marchand moved for a downward variance arguing that the guidelines sentence of 48 months was greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a) based on the nature and circumstances of the offense and her nature and characteristics.  She argued that she was not a drug trafficker, she has a long period of time in which she did not use drugs and was actively employed, she has a tragic personal history, she had no knowledge of, or control over, the amount of drugs in the car in which she was traveling, and did not know the other defendants charged.  The district court rejected these arguments and sentenced her to the guidelines sentence of 48 months.

## Discussion

On appeal, Ms. Marchand first argues that her sentence is procedurally

unreasonable because the district court clearly erred in finding that Ms. Marchand had knowledge of the amount of drugs involved in the offense. We review a sentence imposed by a district court for reasonableness under an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594, 597 (2007). Reasonableness has both procedural and substantive components. United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008). One aspect of procedural reasonableness is that the district court may not select a sentence based on clearly erroneous facts. Gall, 128 S. Ct. at 597. A factual finding is clearly erroneous if it is "without factual support in the record or if this court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." United States v. Patron-Montano, 223 F.3d 1184, 1188 (10th Cir. 2000) (quotation and brackets omitted).

The district court rejected Ms. Marchand's argument regarding her knowledge of the amount of drugs in the vehicle reasoning that "she did have notice from her own investigation and her own knowledge as a paralegal that it was likely that the person that she was dealing with was involved in some kind of drug activity." III R. at 31. Ms. Marchand admitted in her plea agreement that she was in the vehicle where 1.3 kilograms of methamphetamine was seized, I R. Doc. 575 at 6, ¶ 15, and she does not contest the district court's use of this amount to calculate the base offense level, Aplt. Br. at 11; see also I R. Doc. 575 at 7, ¶ 19. The guidelines require that all relevant conduct be considered at

sentencing. U.S.S.G. § 1B1.3. Specifically, "drug quantities associated with illegal conduct for which a defendant was not convicted are to be accounted for in sentencing, if they are part of the same conduct for which the defendant was convicted." United States v. Mendez-Zamora, 296 F.3d 1013, 1020 (10th Cir. 2002) (quotation and brackets omitted). We conclude that the district court did not clearly err in attributing the 1.3 kilograms found in the vehicle to Ms. Marchand as relevant conduct for sentencing purposes. It is a plausible inference from the evidence, and that is all that is required.

Second, Ms. Marchand argues that the sentence is procedurally unreasonable because the district court relied on factors outside the scope of § 3553(a) by speculating regarding the sentence that she could have received had she been found guilty of the charges in the indictment. See Smart, 518 F.3d at 803. We disagree. The district court's reference to the benefits of the plea agreement received by the defendant is not outside the scope of the § 3553(a) factors, especially considering that a district court is able to consider conduct underlying a potential or dismissed charge as relevant conduct, see United States v. Altamirano-Quintero, 511 F.3d 1087, 1094 n.11 (10th Cir. 2007). Although the Court in Gall disapproved of the appellate court requiring a district court to give controlling weight to the benefits resulting from a plea under a former version of the guidelines, 128 S. Ct. at 600–01, we think that the district court in its discretion may consider this factor as part of the nature and circumstances of the

- 5 -

offense and a defendant's involvement, 18 U.S.C. § 3553(a)(1).

Third, Ms. Marchand argues that the district court misunderstood its discretion to vary from a guidelines sentence.  The district court noted at sentencing, "Were I inclined to vary from a Sentencing Guideline sentence, it would not be below the amount of time that is reflected in the statutory maximum; and I see no reason based upon the arguments . . . presented or the facts presented here to vary below that statutory maximum."  III R. at 33.  This statement followed the district court's analysis and rejection of Ms. Marchand's arguments in favor a variance to 24 to 36 months.  III R. at 30–33.  Reading the sentencing transcript, we see no confusion in the district court's statements regarding its understanding of its discretion to vary from the 48-month sentence.

Fourth, Ms. Marchand argues that the length of her sentence is substantively unreasonable.  Because her sentence was properly calculated under the guidelines, we accord it a presumption of reasonableness.  United States v. Thompson, 518 F.3d 832, 869 (10th Cir. 2008); United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006).  The district court considered all of the arguments Ms. Marchand raises in determining her sentence, and we cannot say that it abused its discretion in weighing the competing considerations in her case.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge