FILED
United States Court of Appeals
Tenth Circuit

November 26, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALE LEROY RICHMOND,

Defendant - Appellant.

No. 07-5056

N.D. Okla.

(D.C. No. 06-CR-161-JHP)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Dale Leroy Richmond pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to 120 months imprisonment, despite his motion for a downward variance.[1] He appeals, arguing the sentence is procedurally and substantively unreasonable. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio*, 476 F.3d 1099, 1101, n.1 (10th Cir. 2007). A variance occurs "when a court enhances or detracts from the recommended range through application of § 3553(a) factors." *Id.*

## I. BACKGROUND

Richmond was indicted on one count of distribution of child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(2)&(4)(B). Distribution has a statutory maximum sentence of 240 months imprisonment; possession is capped at 120 months. See 18 U.S.C. § 2252(b). Richmond agreed to plead guilty to the lesser count, possession of child pornography. In exchange, the government agreed to dismiss the distribution charge at sentencing.[2]

Following Richmond's guilty plea, a presentence investigation report ("PSR") was prepared. The PSR calculated a total offense level of 33 with a criminal history category of I, resulting in a guideline range of 135 to 168 months, well above the statutory maximum. Richmond moved for a downward variance, requesting a sentence below the statutory maximum (120 months). His arguments related to factors enumerated in 18 U.S.C. § 3553(a), specifically: he was 23 years old at the time of the crime, he had no criminal record, he had been employed and in a long-term relationship with his girlfriend, he immediately sought treatment following his arrest and a psychological evaluation concluded he is amenable to treatment.

The government opposed Richmond's motion, arguing the maximum

---

[2] Richmond also agreed to waive his right to appeal from the sentence imposed except as to contested sentencing issues raised prior to sentencing.

sentence was appropriate.  It stressed several factors:  Richmond's post-arrest rehabilitation efforts were not unusual, his arguments ignored the punishment factor for his crime, and the plea agreement cut his sentencing exposure at least in half.

At sentencing, Richmond introduced the testimony of an evaluating psychologist, Dr. Curt Grundy.  Grundy found no indication Richmond had "acted out on any of the thoughts or pictures" found in Richmond's computer and Richmond was "highly" to "moderately" amenable to treatment.  (R. App. Vol. I at 102-03.)  After argument, the court denied Richmond's request for a variance, stating:

> Based upon the number of pornographic images contained on defendant's hard drive, an advisory guideline sentence would exceed the statutory maximum sentence for the offense of conviction by 15 months.
>
> Additionally, the fact defendant took steps to hide his involvement with child pornography from his girlfriend and others, and he also shared the computer with [pornography on] it, . . . establishes the defendant in many ways is no different from other defendants charged with crimes involving child pornography.
>
> Finally, it appears the defendant could easily have been charged with more serious crimes which would have carried the potential of a statutory maximum sentence twice as long as the one he is currently facing; therefore, this court does not believe any further reduction would adequately serve the interest of justice.
>
> Further, this court believes a significant sentence is needed to reflect the seriousness of the offence and promote respect for the law and provide just punishment for the offense.

(*Id.*)  The court imposed the maximum sentence, 120 months.

## II.  DISCUSSION

We review the reasonableness of sentencing decisions, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard."  *Gall v. United States*, -- U.S. --, 128 S. Ct. 586, 591, 594 (2007). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotations & citation omitted). Reasonableness review is comprised of two components, "a procedural component and a substantive component."  *Id.*   "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir.), *cert. denied*, — S.Ct. — 2008 WL 4107161 (2008).  Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir.) (quotations omitted), *cert. denied*, 129 S.Ct. 161 (2008),

A statutory maximum sentence falling below the advisory guideline range is presumptively reasonable.  *United States v. Johnson*, 445 F.3d 793, 798 (5th

Cir.) ("[W]here the statutory maximum is lower than a properly-calculated guidelines range, a statutory maximum sentence is functionally equivalent to a sentence within the guidelines."), *cert. denied*, 547 U.S. 1199 (2006). Richmond argues his sentence is procedurally unreasonable because the district court considered an erroneous factor in determining his sentence – the penalty for the count dropped by the government. But the court merely considered relevant conduct – Richmond distributed some of the child pornography to an undercover law enforcement agent. "Relevant conduct for sentencing purposes . . . 'comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct.'" *United States v. Altamarano-Quintero*, 511 F.3d 1087, 1095 (10th Cir. 2007) (quoting *United States v. Allen*, 488 F.3d 1244, 1254-55 (10th Cir. 2007)), *cert. denied*, 128 S.Ct. 2098 (2008).[3]

Richmond also argues his sentence is substantively unreasonable. We review for an abuse of discretion. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). The court carefully considered and discussed the numerous § 3553(a) factors on which it based its sentencing decision. Its decision is well

_____

[3] In any event, it is not improper for a court faced with a downward variance request to consider any benefit the defendant may have received in reducing his exposure to a longer sentence. *See United States v. Marchand*, 284 Fed. Appx. 561, 563-64 (2008) (unpublished) ("The district court's reference to the benefits of the plea agreement received by the defendant is not outside the scope of the § 3553(a) factors."). Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Marchand* as we would an opinion from another circuit, persuasive because of its reasoned analysis.

within the bounds of reason.

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge