FILED
United States Court of Appeals
Tenth Circuit

September 9, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN JOSE GONZALEZ-OCHOA,

    Defendant - Appellant.

No. 07-2297
(D. Ct. No. 2:07-CR-01135-LH-1)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Martin Gonzalez-Ochoa pleaded guilty to illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b) and was sentenced to twenty-one months' imprisonment. His attorney filed a timely notice of appeal, followed by a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After reviewing the record, we agree that there are no meritorious appellate issues. Accordingly, we GRANT the motion to withdraw and DISMISS Mr. Gonzalez-Ochoa's appeal.

## I.  BACKGROUND

In April 2007, a New Mexico border patrol agent spotted Mr. Gonzalez-Ochoa in the desert near Santa Teresa, New Mexico.  Upon being confronted, Mr. Gonzalez-Ochoa admitted that he was a citizen of Mexico and did not have legal authority to enter the United States.

Mr. Gonzalez-Ochoa later pleaded guilty to a one-count information that charged him with reentry of a removed alien under 8 U.S.C. § 1326(a) and (b).  At the plea colloquy, Mr. Gonzalez-Ochoa acknowledged that a copy of the information had been read to him in Spanish.  The district court fully explained the implications of a guilty plea, listing the constitutional rights that Mr. Gonzalez-Ochoa would be waiving and explaining that he could be incarcerated for as long as twenty years.  Before pleading guilty, Mr. Gonzalez-Ochoa stated that he understood his rights and that he was not under the influence of medicine, drugs, or alcohol.

The United States Probation Office prepared a presentence report ("PSR") that determined Mr. Gonzalez-Ochoa's total offense level to be 13.  Specifically, the PSR set the base offense level at 8, *see* U.S.S.G. § 2L1.2; added eight levels because Mr. Gonzalez-Ochoa had previously been deported after committing an aggravated felony,

*see* § 2L1.2(b)(1)(C);[1] and subtracted three levels for acceptance of responsibility. *See* § 3E1.1(b). At sentencing, however, Mr. Gonzalez-Ochoa's attorney successfully argued that Mr. Gonzalez-Ochoa's prior felony conviction did not constitute an "aggravated felony" and thus warranted only a four-level upward adjustment under § 2L1.2(b)(1)(D), rather than an eight-level upward adjustment under § 2L1.2(b)(1)(C). With the resulting offense level of 12, the maximum downward adjustment under § 3E1.1(a) for accepting responsibility was two levels. Thus, Mr. Gonzalez-Ochoa's total offense level was set at 10.

With Mr. Gonzalez-Ochoa's criminal history at Level V, the advisory Guidelines recommended a sentence of 21–27 months. The district court sentenced him to twenty-one months. Mr. Gonzalez-Ochoa then instructed his attorney to file notice of appeal to challenge his sentence. His attorney filed the appeal, along with an accompanying *Anders* brief, and provided a copy to Mr. Gonzalez-Ochoa. He did not file a response.

## II. DISCUSSION

The district court found that Mr. Gonzalez-Ochoa's plea was made freely, voluntarily and intelligently. The record contains nothing that contradicts this finding, and there is no indication that Mr. Gonzalez-Ochoa wishes to challenge the plea itself. Therefore, the only issue for consideration on appeal is the length of Mr. Gonzalez-Ochoa's sentence.

---

[1]Mr. Gonzalez-Ochoa had previously been deported in September 2002, after he served a sentence for second-degree commercial burglary in California.

To begin, the district court properly calculated the advisory Guidelines range. As noted above, Mr. Gonzalez-Ochoa's base offense level was 8. The district court considered adding eight levels for Mr. Gonzalez-Ochoa's reentry after being deported for an "aggravated felony," but instead added only four levels for reentry after being deported for "any other felony." The court also decreased the level by two for acceptance of responsibility. These adjustments created an offense level of 10, a level that Mr. Gonzalez-Ochoa's attorney, the government, and the district court all agreed was appropriate during the sentencing hearing. We, too, find no error in this calculation.[2]

There is also nothing in the record to support the argument that the court failed to consider the sentencing factors under 18 U.S.C. § 3553(a) or that Mr. Gonzalez-Ochoa's sentence is substantively unreasonable in light of those factors. The PSR includes a detailed description of Mr. Gonzalez-Ochoa's personal and family history, and the district court stated that it had considered the § 3553(a) factors. Moreover, the district court sentenced Mr. Gonzalez-Ochoa to twenty-one months—the bottom of the applicable Guidelines range—and nothing in the record is sufficient to rebut the presumption of

_____

[2]In the government's response to Mr. Gonzalez-Ochoa's sentencing memorandum, the government calculates the offense level as 9, adding a one-level downward departure for "participation in the government's fast-track program." Nothing in the record, however, suggests that Mr. Gonzalez-Ochoa participated in a fast-track program. In addition, the record gives no indication that the government formally moved for a departure for early disposition, as is required under U.S.S.G. § 5K3.1. Finally, early disposition agreements require the defendant to waive his right to appeal. *United States v. Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005). Clearly, Mr. Gonzalez-Ochoa made no such waiver. For all of these reasons, the district court did not err in failing to depart downward an additional level.

- 4 -

reasonableness that attaches to this within-Guidelines sentence. *See United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). Therefore, after an independent review, we find no basis for Mr. Gonzalez-Ochoa to challenge his sentence.

## III. CONCLUSION

For these reasons, we conclude that no meritorious appellate issues exist. Accordingly, we GRANT counsel's motion to withdraw, and we DISMISS Mr. Gonzalez-Ochoa's appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge