**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RAYMUNDO VALENZUELA-
RAMIREZ,

        Defendant - Appellant.

No. 07-2285
(D. Ct. No. 2:07-CR-01809-WJ-1)
(D. N. Mex.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Raymundo Valenzuela-Ramirez pleaded guilty to a one-

count information charging him with illegally reentering the country after previously

being deported in violation of 8 U.S.C. § 1326(a)(1) and (2), and § 1326(b)(2). He was

sentenced to 41 months' imprisonment. His attorney filed a timely notice of appeal,

followed by a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S.

738, 744 (1967). After reviewing the record, we agree that there are no meritorious issues

to raise on appeal. Accordingly, we GRANT the motion to withdraw and DISMISS Mr.

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Valenzuela-Ramirez's appeal.

## I.  BACKGROUND

On July 5, 2007, border patrol agents found Mr. Valenzuela-Ramirez, a citizen and national of Mexico, in the United States where he freely admitted that he was illegally present in the country.  Subsequent criminal and immigration checks revealed that Mr. Valenzuela-Ramirez had previously been deported after three convictions for transporting illegal aliens.   He was then charged with and pleaded guilty to one count of illegal reentry under 8 U.S.C. § 1326(a)(1) and (2), and § 1326(b)(2).

The presentence report ("PSR") determined the base offense level to be 8.  *See* U.S.S.G. § 2L1.2(a).  The PSR recommended a sixteen-level enhancement because Mr. Valenzuela-Ramirez had previously been deported after a conviction for an alien smuggling offense.  *See* § 2L1.2(b)(1)(A)(vii).  After a three-level reduction for acceptance of responsibility, *see* § 3E1.1(a) and (b), the PSR recommended a total offense level of twenty-one.  Mr. Valenzuela-Ramirez's criminal history category was II, which produced an advisory Guidelines range of forty-one to fifty-one months' imprisonment. The district court sentenced him to forty-one months.

## II.  DISCUSSION

The district court found that Mr. Valenzuela-Ramirez's guilty plea was made freely, voluntarily, and intelligently.  Mr. Valenzuela-Ramirez never sought to withdraw his plea below, and there is no indication he wishes to challenge his plea on appeal. Nonetheless, we have reviewed the record, and we independently find no nonfrivolous

basis for Mr. Valenzuela-Ramirez to challenge his plea.  Thus, we turn to whether Mr.

Valenzuela-Ramirez's sentence is reasonable.  *See United States v. Kristl*, 437 F.3d 1050,

1053 (10th Cir. 2006).

During sentencing, Mr. Valenzuela-Ramirez objected to the sixteen-level

enhancement under § 2L1.2(b)(1)(A)(vii), which applies when the defendant has

previously been deported after "a conviction for a felony that is . . . (vii) an alien

smuggling offense."  The commentary to the Guidelines states that an "alien smuggling

offense" includes all offenses listed in 8 U.S.C. § 1101(a)(43)(N).  U.S.S.G. § 2L1.2 cmt.

n.1(B)(i).  That statute, in turn, includes offenses under 8 U.S.C. § 1324(a)(1)(A) and

(a)(2) within its definition.  8 U.S.C. § 1101(a)(43)(N).  Mr. Valenzuela-Ramirez pleaded

guilty in 1999 to three counts of alien smuggling in violation of § 1324(a)(1)(A)(ii).

Morever, Mr. Valenzuela-Ramirez admitted to the elements of a § 1324(a) smuggling

offense at the sentencing hearing in this case.[1]  Accordingly, the district court properly

enhanced Mr. Valenzuela-Ramirez's offense level by sixteen.  The district court also

properly determined the base offense level to be 8, *see* § 2L1.2(a), properly subtracted

three levels for acceptance of responsibility, *see* § 3E1.1(a) and (b), and properly

calculated his criminal history category.  Thus, because the district court correctly

---

[1]Under 8 U.S.C. § 1324(a)(1)(A)(ii), a person is guilty of alien smuggling when "knowingly or in reckless disregard for the fact that an alien has . . . entered . . . the United States in violation of law, transports . . . such alien within the United States . . . ." The defendant admitted to driving through Arizona with nine other men who proved to be in the United States illegally.  He also admitted to moving across the Mexican border with them on foot, clearly establishing a reckless disregard for whether those men were in the United States legally.

determined the applicable Guidelines range and sentenced Mr. Valenzuela-Ramirez within that range, his sentence is presumptively reasonable on appeal. *See United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008).

Mr. Valenzuela-Ramirez may rebut this presumption by showing that the factors listed in 18 U.S.C. § 3553(a) justify a lower sentence. *See id.* Our review of the record demonstrates that the district court did not abuse its discretion in refusing to vary downward. *See id.* (noting that "we generally defer to [a district court's] decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors" and review that decision for abuse of discretion). Mr. Valenzuela-Ramirez's sentence is reasonable.

## III.  CONCLUSION

As required by *Anders*, we have conducted a full examination of the record before us. The record establishes no nonfrivolous basis for challenging either Mr. Valenzuela-Ramirez's guilty plea or his sentence. Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge
