**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JESUS HERRERA-FABELA,

    Defendant-Appellant.

No. 07-2084
(D.N.M.)
(D.C. No. CR-06-1477-WJ)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Jesus Herrera-Fabela seeks to challenge the length of

his sentence. We have jurisdiction under 28 U.S.C. § 1291. Mr. Herrera-Fabela's

appointed counsel has filed an *Anders* brief and a motion to withdraw as attorney

of record concurrent with the filing of this appeal. *See Anders v. California*, 386

U.S. 738 (1967). Mr. Herrera-Fabela was provided a copy of his counsel's

*Anders* brief but failed to file a response. The government has declined to file a

---

[*] This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

brief.  Based on our independent review of the record, *id.* at 744, we conclude

that Mr. Herrera-Fabela's appeal is meritless.  Accordingly, we **AFFIRM** the

sentence and **GRANT** counsel's motion to withdraw.

## BACKGROUND

Pursuant to a plea agreement, Mr. Herrera-Fabela pleaded guilty to one-

count of Reentry of a Deported Alien Previously Convicted of an Aggravated

Felony, in violation of 8 U.S.C. § 1326(a)(1),(2) and (b)(2).  As part of his plea

agreement, Mr. Herrera-Fabela waived many of his constitutional rights, however,

he did not waive his right to appeal.

At the plea hearing, Mr. Herrera-Fabela was informed of his potential

penalty, "a maximum of 20 years imprisonment, $250,000 fine, not more than

three years supervised release and . . . a special penalty assessment."  R., Vol. I,

Tr. at 23-24 (Plea Hearing, dated July 7, 2006).  The district court asked Mr.

Herrera-Fabela if his attorney explained that there are other potential indirect

consequences to pleading guilty; noting, for example, that the conviction might

make it more difficult for Mr. Herrera-Fabela to lawfully reenter the country.  He

responded, "Yes, sir." *Id.* at 24.  He also expressed to the court that he was

satisfied with the advice and representation of his attorney.

The district court asked Mr. Herrera-Fabela if he had any questions

regarding his plea agreement and he responded, "No, your Honor." *Id.* at 30.  Mr.

Herrera-Fabela also affirmed that, after discussion with his attorney, he signed the agreement freely and voluntarily. Mr. Herrera-Fabela then pleaded guilty.

The Presentence Report assigned Mr. Herrera-Fabela an offense level of 21 and a criminal history category of V under the United States Sentencing Guidelines ("Guidelines"). The resulting Guidelines imprisonment range was 70 to 87 months. The district court sentenced Mr. Herrera-Fabela to 84 months' imprisonment.

## DISCUSSION

There are no meritorious issues relating to Mr. Herrera-Fabela's sentence. Mr. Herrera-Fabela knowingly and voluntarily pleaded guilty pursuant to a plea agreement and the district court imposed a reasonable sentence upon him.

First, Mr. Herrera-Fabela knowingly and voluntarily pleaded guilty under a plea agreement. Whether a plea was knowing and voluntary is a question of law that is reviewed de novo. *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998).

Rule 11(b)(2) of the Federal Rules of Criminal Procedure provides that, "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." We have held that, "to determine whether a plea was voluntary, the

court must assess whether the defendant fully understood the consequences of the plea." *United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir. 1990).

We conclude from the record that Mr. Herrera-Fabela fully understood the direct consequence of his guilty plea. Specifically, at the plea hearing, Mr. Herrera-Fabela was made aware of the potential penalties for the offense. The district court, moreover, went further and ensured that he was generally aware that there may be other potential indirect consequences for pleading guilty. Additionally, Mr. Herrera-Fabela affirmed that he signed his plea agreement freely and voluntarily. Accordingly, we conclude that Mr. Herrera-Fabela knowingly and voluntarily pleaded guilty. Nothing in the record suggests to the contrary.

Second, the sentence was imposed in accordance with the law. Sentences are reviewed "for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). Sentences imposed within the correctly calculated Guidelines range may be presumed to be substantively reasonable on appeal. *Id.* This presumption may be rebutted by showing improper consideration of the 18 U.S.C. § 3553(a) factors. *Id.*

The advisory Guidelines range was 70-87 months. Mr. Herrera-Fabela was sentenced to 84 months' imprisonment, which was within the applicable advisory

Guidelines range.  Mr. Herrera-Fabela does not argue that the court improperly considered the § 3553(a) factors, nor do we discern any indication that it did so. Therefore, this was a substantively reasonable sentence imposed in accordance with the law.

## CONCLUSION

Our review of the record reveals that Mr. Herrera-Fabela knowingly and voluntarily pleaded guilty.  Furthermore, the record reveals no facts or circumstances that would render Mr. Herrera-Fabela's sentence substantively unreasonable.  Lastly, we discern no other arguably meritorious claims that call for our review.

Accordingly, we **AFFIRM** the sentence and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge