FILED
United States Court of Appeals
Tenth Circuit

May 11, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYLON JIM,

Defendant - Appellant.

No. 09-2190

(D. New Mexico)

(D.C. No. 07-CR-00380-MCA-1)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following a jury trial, defendant and appellant Waylon Jim was convicted of two counts of involuntary manslaughter while operating a motor vehicle while under the influence of alcohol, in violation of 18 U.S.C. §§ 1112 and 1153 and

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

N.M. Stat. § 66-8-102. He was sentenced to fifty-seven months' imprisonment, followed by two years of supervised release. Mr. Jim appeals his sentence, arguing it is substantively unreasonable. We affirm.

**BACKGROUND**

At approximately 4:00 a.m. on September 1, 2006, Navajo Nation Police Department Officer Garrett Thomas responded to a call that an accident had occurred on the Navajo reservation at Route 9 near Puebla Quintado, New Mexico. When he arrived at the scene of the accident, Officer Thomas found Mr. Jim sitting on the ground. Officer Thomas noticed that Mr. Jim smelled of alcohol, had bloodshot eyes, and slurred his speech when responding to the officer's questions. Officer Thomas observed several 12-ounce cans of beer scattered around the accident site.

Mr. Jim told the officer that he had been driving the car and that he had been drinking with his passengers, his cousins (Jonah and Regis Sandoval), and his brother-in-law (Jameson Toledo). The officer found two passengers outside the car with severe injuries. Regis Sandoval was pronounced dead at the scene, and Mr. Toledo died en route to the hospital. The weather conditions were clear and dry. Mr. Jim claimed that he crashed the car after swerving to avoid an elk; however, no elk tracks were found at the scene.

A blood draw revealed that Mr. Jim's blood alcohol level some four hours after the accident was .095. An expert in the field of forensic toxicology testified that, at the time of the accident, Mr. Jim's blood alcohol concentration was between .14 and .18. The legal limit in New Mexico is .08.

Mr. Jim was charged with two counts of involuntary manslaughter while operating a motor vehicle under the influence and two counts of involuntary manslaughter while driving recklessly. He pled not guilty and proceeded to trial, where the jury convicted him of the two involuntary-manslaughter-while-driving-under-the-influence counts.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR") which calculated an advisory sentence under the United States Sentencing Commission, Guidelines Manual ("USSG"). The PSR recommended a two-level enhancement for obstruction of justice, pursuant to USSG § 3C1.1(a). This resulted in a total offense level of 26 which, when coupled with a criminal history category of I, yielded an advisory sentencing range of sixty-three to seventy-eight months.

On October 20, 2008, Mr. Jim filed a sentencing memorandum in which he objected to the obstruction of justice enhancement and sought both a USSG § 5H1.6 six-level downward departure based on his family circumstances and a downward variance from the advisory range in accordance with United States v. Booker, 543 U.S. 220 (2005). More specifically, Mr. Jim argued his family

circumstances were "exceptional" because he provided financial support to his ailing parents and three minor children, and he argued that a <u>Booker</u> variance from fifty-seven months to a twenty-seven-month sentence would be sufficient, but not greater than necessary, to satisfy the sentencing goals of 18 U.S.C. § 3553(a). The government responded, urging the court to apply the obstruction of justice enhancement and sentence Mr. Jim in accordance with the advisory guideline sentence calculated in the PSR.

On January 22, 2009, Mr. Jim appeared before the district court for sentencing. He argued that the evidence at trial did not support the obstruction of justice enhancement. The district court agreed and removed that enhancement, which reduced his total offense level to 24 and the advisory guideline range to fifty-one to sixty-three months. Mr. Jim's counsel then argued for the downward departure based on family circumstances, which the government opposed on the ground that every defendant had family circumstances and Mr. Jim's were hardly exceptional. After hearing testimony from various family members, the court denied the downward departure on the basis of family circumstances:

> I find there is nothing extraordinary in the circumstances of this defendant. Yes, there are very, what appear to be, immediate demands that the family has. And I don't mean demands in a sense that they are asking. I simply mean there are needs here that have been clearly demonstrated concerning assistance to the father who is disabled and not able to undertake the tasks, physical tasks that he used to do in terms of hauling wood, matters perhaps related to maintaining his home, recognizing that the family lives on the Navajo Reservation and not in a city or in an urban setting. So I

-4-

recognize the needs or the demands of such circumstances we create here, certainly the fact that there are children here that would have one parent absent, but I don't find these are extraordinary matters that exist here in situations such as this, where a defendant stands convicted and is facing a period of imprisonment.

Tr. of Sentencing Proceedings at 23-24, R. Vol. 3, Part 5 at 545-46.

The district court then considered Mr. Jim's request for a twenty-seven-month sentence pursuant to the § 3553(a) sentencing factors.  The court rejected that request:

> [L]ife was lost as a result of your actions, and there must be consequences here.  The jury found that you were guilty and there must be consequences.  Your attorney has asked for a consideration of a sentence of approximately 27 months, but I'm going to decline that request because I think that a sentence of 27 months is not sufficient here to satisfy, in my view, the goals inherent in the sentencing factors under Section 3553(a).
>
> This was a terrible, terrible accident, something that is very tragic, the loss of life. . . .  But Mr. Jim there has to be consequences to the conduct.
>
> . . .
>
> In your case, Mr. Jim, it is the belief of this Court that a sentence of 57 months is sufficient, but not greater than necessary to accomplish the sentencing goals inherent in Title 18, Section 3553(a).

Id. at 24-26.  After imposing the fifty-seven-month sentence, the court again reiterated to Mr. Jim the court's reasoning for selecting that sentence:

> In arriving at the sentence here and declining your attorney's request that the Court impose a sentence of 27 months, I must note and emphasize the seriousness of the crimes that occurred here.  Two lives were lost. The sentence of 57 months, in my view, reflects properly the seriousness of the offense.  It is sufficient to protect the

public and to provide deterrence, in my view adequate deterrence; it takes into consideration, obviously, the history and characteristics of you, sir. But importantly, it also considers the nature and the circumstances of the offense here.

Id. at 29. In this appeal, Mr. Jim challenges that fifty-seven-month sentence as unreasonable.

**DISCUSSION**

Following Booker and the cases derived therefrom, we review all sentences for reasonableness under a deferential abuse of discretion standard. See Rita v. United States, 551 U.S. 338, 351 (2007); see also United States v. Smart, 518 F.3d 800, 805 (10th Cir. 2008) ("[W]e now review all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard."). Reasonableness has two parts: procedural reasonableness and substantive reasonableness. Mr. Jim only challenges the substantive reasonableness of his sentence.

"A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir.), cert. denied, 129 S. Ct. 428 (2008). "Sentences imposed within the correctly calculated Guidelines range . . . may be presumed reasonable on appeal." Id. Mr. Jim can rebut that presumption by demonstrating that the 18 U.S.C. § 3553(a)

factors justify a lower sentence. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam)  We do, however, accord great discretion to the district court's view:

> [G]iven the district court's institutional advantage over our ability to determine whether the facts of an individual case justify a variance pursuant to § 3553(a) (given that the sentencing judge, for example, sees and hears the evidence, makes credibility determinations, and actually crafts Guidelines sentences day after day), we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors.

Haley, 529 F.3d at 1311 (citing Gall v. United States, 552 U.S. 38, 51-52 (2007)).

Mr. Jim does not argue on appeal that the district court incorrectly calculated the Guideline sentence.  Thus, he does not argue that the court should have granted him a Guidelines-based downward departure.[1]  Rather, the focus of his appellate argument is that the district court erred in failing to grant him a downward variance in light of the § 3553(a) factors of deterrence, incapacitation, retribution and rehabilitation.  After reviewing the entire record, including the sentencing transcript, we are convinced that the district court did not abuse its discretion in sentencing Mr. Jim to fifty-seven months.  The court specifically

---

[1]Mr. Jim does not make that argument on appeal, despite his argument before the district court that the court should have departed downward six levels pursuant to USSG § 5H1.6, involving family circumstances.

considered the § 3553(a) factors,[2] and those factors fully support the sentence imposed. We discern no substantive unreasonableness.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]In the sentencing proceeding, the district court specifically referred to the § 3553(a) sentencing factors no less than five times, and it reiterated several times the gravity of the crime involving the loss of two young people.