FILED
United States Court of Appeals
Tenth Circuit

June 25, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BOBBY WAYNE HALEY, JR.,

    Defendant - Appellant.

No. 07-5041

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 05-CR-056-002-TCK)**

---

Leena Alam, Assistant United States Attorney, (David E. O'Meilia, United States Attorney, Northern District of Oklahoma, on the brief), Tulsa, Oklahoma, for Plaintiff - Appellee.

Madeline S. Cohen, Assistant Federal Public Defender, (Raymond P. Moore, Federal Public Defender, on the briefs), Denver, Colorado, for Defendant - Appellant.

---

Before **KELLY**, **HOLLOWAY**, and **GORSUCH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

Defendant-Appellant Bobby Wayne Haley, Jr. was convicted by a jury of

one count of conspiracy to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C);

846, and one count of distributing cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced him to 262 months' imprisonment, the low-end of the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") (2006) range, and 6 years' supervised release. On appeal, Mr. Haley argues his sentence is unreasonable because his co-conspirator, whom he argues was more culpable, was sentenced to only 18 months. The discrepancy in the two sentences is largely due to the application of the career offender enhancement to Mr. Haley's sentence. See U.S.S.G. § 4B1.1(b)(B). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Background

On December 14, 2004, Mathis Givens, a confidential informant working with Special Agent Josh Petree of the Bureau of Alcohol, Tobacco and Firearms, arranged to purchase cocaine from Rhonda Davis (whom he knew as "Big Momma") in a controlled transaction. Agent Petree had Mr. Givens purchase cocaine from Ms. Davis in controlled transactions on two prior occasions. However, this time Agent Petree instructed Mr. Givens to arrange for the transaction to occur at a time of day when he knew Ms. Davis had to pick up her children at school in order to see if Ms. Davis would send her supplier to facilitate the transaction. Mr. Givens and Ms. Davis spoke by telephone and

arranged to meet at a car wash in Tulsa, Oklahoma. Agent Petree searched Mr. Givens's car and person before he went to the car wash.

As anticipated, Ms. Davis never arrived. Instead, Mr. Haley arrived and told Mr. Givens that he had been sent there by "Peaches," whom Mr. Givens determined was the same person as "Big Momma." Mr. Haley then told Mr. Givens that he had 63 grams of cocaine and that Peaches had sent him because she could not be there. Mr. Givens exchanged $1,500, given to him by Agent Petree, for the cocaine. Mr. Haley told Mr. Givens that his name was "B.J." The entire incident was observed by a surveillance team and recorded by a device Agent Petree had provided to Mr. Givens. After the transaction was completed, Mr. Givens returned to Agent Petree for debriefing. At that time, Ms. Davis called Mr. Givens to ensure everything was okay and to tell him that she had sent "B.J." to do the deal. Agent Petree was familiar with Mr. Haley and knew that "B.J." was Mr. Haley's nickname.

On April 6, 2005, the grand jury returned an indictment charging Mr. Haley and Ms. Davis with one count of conspiracy to distribute cocaine (count 1) and one count of distribution of cocaine (count 3). The indictment also charged Ms. Davis with one count of distribution of cocaine related to an earlier incident (count 2). Ms. Davis pleaded guilty to count 1. As a result, the government filed a motion for a reduction in her offense level for accepting responsibility and for a downward departure. On November 16, 2005, counts 2 and 3 were dismissed

against Ms. Davis on the government's motion.  Ms. Davis was sentenced to 18 months' imprisonment and 3 years' supervised release.

Mr. Haley did not plead guilty.  The government filed an information pursuant to 21 U.S.C. § 851, alleging that Mr. Haley had three prior felony drug convictions.  Doing so raised the statutory maximum sentence for counts 1 and 3 of the indictment to 30 years.  See 21 U.S.C. §§ 841(b)(1)(C); 846.  After a two-day trial, the jury convicted him of both counts, finding that he conspired to distribute and distributed 62.77 grams of cocaine.

Following Mr. Haley's conviction, a presentence investigation report ("PSR") was prepared.  Because Mr. Haley was at least 18 years old at the time he committed the instant offense, the instant offense is a felony controlled substance offense, and he has at least two prior felony convictions for controlled substance offenses, the PSR classified Mr. Haley as a career offender pursuant to U.S.S.G. § 4B1.1(a).  Because the statutory maximum penalty for the instant offense is 30 years, the PSR determined that Mr. Haley's offense level was 34.  See U.S.S.G. § 4B1.1(b)(B).  If Mr. Haley had not qualified as a career offender, his adjusted offense level would have been 16.  See id. § 2D1.1(c)(12).  Mr. Haley's criminal history and his classification as a career offender both, independently, placed him in criminal history category VI.  See id. § 4B1.1(b).  Based on an offense level of 34 and criminal history category of VI, the PSR determined Mr. Haley's Guidelines sentencing range was 262 to 327 months.

Mr. Haley did not object to the PSR's findings or its calculation of the Guidelines range. However, Mr. Haley requested a downward variance to a sentence of not more than 192 months. He argued such a variance was justified because the Guidelines imposed too harsh a penalty for going to trial, his sentence should not be enhanced on the basis of his prior criminal history, and there was a large disparity between his Guidelines range and the sentence received by Ms. Davis, notwithstanding the fact that his counsel was "fairly confident" that Ms. Davis did not have a criminal record as serious as Mr. Haley's. Supp. Vol. I at 10; see I. R. Doc. 122.

The district court rejected Mr. Haley's arguments and his request for a downward variance. The court explained that although the "Rhonda Davis situation is a little bit bothersome," she did not have the same criminal history as Mr. Haley, she was not a career offender, and she received a downward departure for accepting responsibility. Supp. Vol. I. at 18; Supp. Vol. I. Doc. 52; Aplt. Br. at 22. In light of these differences, the court concluded "it's just apples and oranges." Id. The court considered the 18 U.S.C. § 3553(a) factors and concluded that a variance was not justified. The court emphasized that the sentence had to reflect Mr. Haley's criminal record and the nature and seriousness of the crime as well as the need to protect the public. The court also explained that § 3553(a)(6) did not justify a variance due to disparate sentences because of the difference between Mr. Haley's and Ms. Davis's criminal records.

Accordingly, the court imposed a sentence of 262 months, the low-end of the Guidelines range.

On appeal, Mr. Haley concedes that he qualifies as a career offender and that he should receive a sentence longer than that received by Ms. Davis. However, he argues that because Ms. Davis was relatively more culpable, the district court abused its discretion by not imposing a below-Guidelines sentence to mitigate the large disparity between the two sentences. He reiterates his argument before the district court that a sentence of not more than 192 months is reasonable.

### Discussion

We review sentences for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 591, 594 (2007). Reasonableness review is comprised of a procedural component and a substantive component. United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008). A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence. Gall, 128 S. Ct. at 597. A sentence is substantively unreasonable if the length of the sentence is unreasonable given the

totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors. United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008).

Sentences imposed within the correctly calculated Guidelines range, such as the sentence at issue here, may be presumed reasonable on appeal. Gall, 128 S. Ct. at 597; Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007). Mr. Haley may rebut that presumption by showing that the § 3553(a) factors justify a lower sentence. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). However, given the district court's institutional advantage over our ability to determine whether the facts of an individual case justify a variance pursuant to § 3553(a) (given that the sentencing judge, for example, sees and hears the evidence, makes credibility determinations, and actually crafts Guidelines sentences day after day), we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors. See Gall, 128 S. Ct. at 597-98; Smart, 518 F.3d at 808. The district court abuses this discretion "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotations omitted).

Mr. Haley does not challenge the procedural reasonableness of his sentence. However, he does challenge the substantive reasonableness of his sentence, arguing that the district court abused its discretion by not granting a downward variance pursuant to the § 3553(a) factors. See Smart, 518 F.3d at 804

(explaining that challenge to sufficiency of district court's § 3553(a) justifications implicates substantive reasonableness review).  Specifically, he argues that his sentence is unreasonable given the large disparity between his 262-month sentence and Ms. Davis's 18-month sentence.  Although he concedes Ms. Davis did not have his degree of criminal history and was not a career offender, he argues that a downward variance to not more than 192 months pursuant to 18 U.S.C. § 3553(a)(6) is warranted because she was more culpable in the instant offense.  We find this insufficient to upset the district court's exercise of discretion.

Although a district court may consider sentencing disparities between codefendants, Smart, 518 F.3d at 810, "disparate sentences are allowed where the disparity is explicable by the facts on the record," United States v. Davis, 437 F.3d 989, 997 (10th Cir. 2006) (internal quotations omitted).  Here, the bulk of the sentencing disparity is easily explained by the fact that Mr. Haley is a career offender and Ms. Davis is not.  That alone constitutes an 18-level enhancement, which in this case translates to an increase of 216 to 270 months in the Guidelines range.[1]  Mr. Haley attempts to diminish this disparity by arguing that Ms. Davis was more culpable because Ms. Davis was involved in three separate drug deals over several months and that he was acting at Ms. Davis's direction.  See Smart,

---

[1]  If Mr. Haley did not qualify as a career offender and remained at an offense level of 16 and a criminal history category of VI, his Guidelines range would have been 46-57 months.

518 F.3d at 810 (describing how differences in culpability may offset differences in acceptance of responsibility). While that may be true, we think that the district court could place greater emphasis on his career offender status and follow the Guidelines. See Davis, 437 F.3d at 997. That status, as indicated in the PSR, reflects a history of controlled substance involvement and other serious offenses.

The disparity is further explained by the fact that Ms. Davis received a downward adjustment in her offense level for accepting responsibility. Her decision to accept responsibility and assist the government does not create an unwarranted disparity under § 3553(a)(6). See United States v. Shrake, 515 F.3d 743, 748 (7th Cir. 2008). Accordingly, Mr. Haley and Ms. Davis are not codefendants with "similar records who have been found guilty of similar conduct" and the district court did not abuse its discretion by not granting a downward variance on this ground. 18 U.S.C. § 3553(a)(6).

AFFIRMED.