FILED
United States Court of Appeals
Tenth Circuit

February 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY EUGENE CLARK,

Defendant - Appellant.

No. 08-3223

(D. Kansas)

(D.C. No. 06-CR-40140-1-RDR)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Anthony Eugene Clark pled guilty to one count of possession of a firearm after being convicted of a felony, in violation of 18

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 922(g)(1). He was sentenced to fifty-seven months' imprisonment. Claiming that sentence is substantively unreasonable, Clark appeals. We affirm.

**BACKGROUND**

In October 2005, officers from a Bureau of Alcohol, Tobacco and Firearms task force investigated a report of a stolen firearm being sold to a pawn shop in Topeka, Kansas. The officers determined that Clark had sold the firearm in question. When the officers interviewed him, Clark readily admitted selling the gun, although he stated he had not stolen it. Clark subsequently stated that he sold the firearm for money to buy diapers and milk for his son, and he further stated that he used some of the proceeds from the weapon sale to buy marijuana.

In preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence investigation report ("PSR"). The PSR determined that Clark's base offense level was twenty, pursuant to USSG §2K2.1(a)(4), and added two levels because the weapon had been stolen, resulting in an adjusted offense level of twenty-two. After a three-level reduction for acceptance of responsibility, Clark's total offense level was nineteen. With a criminal history category of V, the applicable advisory Guidelines range was fifty-seven to seventy-one months.

Clark filed a sentencing memorandum, in which he asked the court to depart and/or vary downward from the advisory sentencing range, based upon Clark's mental illness and the circumstances of the offense. More specifically, Clark argued that he only sold the gun "to purchase diapers and milk for his eighteen-month-old son"; that a Guidelines sentence "would create an unwarranted disparity with other cases, both in [the District of Kansas], and around the country"; and that he committed the offense while suffering from a significantly reduced mental capacity. Sentencing Mem. at 4, 8, R. Vol. 1. At sentencing, Clark presented evidence of his diminished mental capacity through the testimony of Dr. George Hough, a licensed psychologist. The district court refused to depart or vary downward and sentenced Clark to fifty-seven months, which was at the bottom of the applicable advisory Guidelines range.

**DISCUSSION**

We review sentences for reasonableness. United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir.), cert. denied, 129 S. Ct. 161 (2008). Reasonableness encompasses both a procedural and a substantive component. Id. Clark complains only that his sentence is substantively unreasonable. "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir.), cert.

denied, 129 S. Ct. 428 (2008). "Our review of the substantive reasonableness of a sentence is limited to determining whether the sentencing judge abused his discretion." Verdin-Garcia, 516 F.3d at 898. Sentences imposed within a properly calculated Guidelines range are accorded a presumption of substantive reasonableness. United States v. Hernandez, 509 F.3d 1290, 1298 (10th Cir. 2007).

Our inquiry is directed to whether the district court abused its discretion in sentencing Clark to fifty-seven months' imprisonment. The district court explained its sentence as follows:

> Defendant has a very substantial criminal record. He has eight juvenile convictions. Most of the convictions are for misdemeanor theft. But, there is also a juvenile conviction for burglary and a juvenile conviction in 1990 for first degree murder. Defendant has seven adult convictions, including convictions for robbery and burglary. One conviction for "criminal use of weapons" involved a gunshot victim. Defendant has two vehicle burglary charges pending.
>
> . . . .
>
> The task of the court is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2), after considering the nature and circumstances of the offense, the history and characteristics of the defendant, the Sentencing Guidelines, the need to avoid unwarranted sentencing disparities, and the other factors mentioned in the statute. After considering all of these factors, the court believes a sentence of 57 months is appropriate in this case.
>
> The court has considered the circumstances of pawning the gun which led to the charge in this case. The court does not believe these circumstances provide grounds for a departure in this case. We have

-4-

also considered the arguments for granting a variance on these grounds. The circumstances of the offense is one reason the court believes it is appropriate to sentence at the bottom of the guideline range in spite of defendant's past record. But, we do not believe it is appropriate to vary from the Guideline range given the history and characteristics of the defendant, particularly defendant's criminal history.

The court has considered defendant's mental illness. The court is not convinced that defendant's mental illness played a substantial role in the crime of conviction in this case. Dr. Hough's testimony suggests that defendant's mental illness did play a role in the crime. However, Dr. Hough did not examine defendant in any detail on that issue. Moreover, his explanation that defendant's mental illness impairs defendant's ability to consider the long-term consequences of his actions, suggests that innumerable defendants before the court suffer from the same "mental illness" because the court frequently sentences persons who have failed to consider the long-term consequences of their behavior.

. . . .

Defense counsel also suggested in her questioning that defendant's mental illness contributed to his financial needs and therefore to the motivation to commit a crime. There can be little doubt that defendant's borderline intelligence, antisocial personality disorder, criminal record, dysfunctional upbringing, as well as his possible schizophrenia or schizoaffective disorder, have a deleterious impact upon his ability to meet his financial needs. But we do not believe that defendant has demonstrated a "significantly reduced mental capacity" as defined in U.S.S.G. §5K2.13. . . .

Therefore, the court believes there are no grounds for departure on the basis of diminished capacity. In addition, the court is not persuaded that a variance is justified on the grounds of mental illness. Defendant has consistently violated the law as a juvenile and as an adult. The court is not convinced that mental health treatment will protect the public from further crimes by defendant. . . .

Finally, the court has considered the need to avoid unwarranted sentence disparities among defendants with similar

records. . . . [T]he court believes a sentence of 57 months . . . is similar to the sentences given in many cases involving the same charge and similar defendants.

Order at 2, 6-7, 9-10, R. Vol. 1.

We agree with the district court's analysis of the § 3553(a) factors as they pertain to Clark and his crime. We cannot say that the district court abused its discretion in selecting the sentence it did. The court thoroughly and properly explained why the sentence was appropriate in light of the § 3553(a) factors. Clark has failed to rebut the presumption that the within-Guideline sentence selected by the district court is reasonable.

## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge