**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFREY W. PETERS,

Defendant-Appellant.

No. 09-3155
(D.C. No. 2:08-CR-20142-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously to grant the parties' request for a decision on the briefs

without oral argument. *See* Fed. R. App. P. 34(f).

In this direct criminal appeal, Defendant Jeffrey Peters raises a challenge to

the substantive reasonableness of his sentence. Defendant pled guilty to two

counts of possessing a firearm as an unlawful user of a controlled substance in

violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Based on his prior convictions

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

for assault, domestic assault, and possession of a controlled substance, as well as the fact that he was on probation at the time he committed the instance offense, Defendant's criminal history was established as category III under the sentencing guidelines. Combined with an offense level of twelve, this led to an advisory guideline range of fifteen to twenty-one months of imprisonment. After considering Defendant's arguments for a variance below this guideline range, the court sentenced Defendant to a fifteen-month sentence on each count, running concurrently.

On appeal, Defendant argues the sentence imposed was substantively unreasonable in light of the totality of the circumstances. He argues that the guidelines calculation overstated his risk of recidivism and the danger he posed to the public, while the sentence imposed did not take into account the minimal culpability of the conduct for which he was convicted. He points out that none of his prior convictions were felonies, nor did any of his prior convictions involve the use of firearms or other weapons. He also argues that the offense was not serious—he possessed two shotguns which he sold to undercover officers at a pawn shop, but he did not use these shotguns illegally, carry them for extensive periods of time, or conceal his possession of them. He further asserts that he fully complied with the terms and conditions of his pretrial release and demonstrated the ability and resolve to overcome his long-term drug addiction problems during that time. In light of all of these factors, Defendant argues, the

district court should have imposed a below-guidelines sentence.

We review the substantive reasonableness of a sentence under an abuse of discretion standard, *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008), and we conclude that the sentence imposed in this case did not constitute an abuse of discretion. While Defendant's criminal history may not have included any felonies or convictions on firearm-related charges, it nonetheless included multiple non-trivial offenses—including recent convictions on two counts of domestic assault for an incident in which Defendant violently attacked his girlfriend—which make us unwilling to agree with Defendant that his criminal history overstated the danger he posed to the public. We are also not persuaded that the nature and circumstances of the offense or Defendant's history and characteristics caused the district court's judgment to fall outside "the realm of . . . rationally available [sentencing] choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). Considering the record as a whole, we see nothing constituting an abuse of discretion in the district court's rejection of Defendant's request for a downward variance. Defendant's conviction and sentence are **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge


-3-