FILED
United States Court of Appeals
Tenth Circuit

December 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERTO RIVERA-DELGADO,

Defendant - Appellant.

No. 10-1103
(D. Ct. No. 1:09-CR-00471-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Alberto Rivera-Delgado appeals the district court's denial of his request for a downward variance. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Rivera-Delgado is a native and citizen of Mexico. In 1990, when he was ten years old, Mr. Rivera-Delgado's mother moved him and his siblings to the United States. He attended school in Colorado and obtained legal permanent resident status in August of 1998. Later that year, however, he was convicted of second degree sexual assault in Weld County, Colorado, and sentenced to four years' imprisonment. He was deported to Mexico in 2001 following the completion of his prison sentence, and he never sought permission to legally re-enter the United States.

In 2003, however, Mr. Rivera-Delgado illegally returned to the United States and obtained full-time employment in Greeley, Colorado. Upon his return, he also developed a relationship with a woman he had known in high school, and he acted as a father to the woman's infant son. This family arrangement persisted until 2009 when Mr. Rivera-Delgado was arrested by Immigration and Customs Enforcement agents and charged with illegally re-entering the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Shortly after being charged, Mr. Rivera-Delgado pleaded guilty. His Presentence Investigation Report ("PSR") determined a sentencing range under the United States Sentencing Guidelines ("Guidelines") of 41 to 51 months' imprisonment. This sentence computation included a sixteen-level increase in Mr. Rivera-Delgado's total offense level based on his prior deportation following a conviction for a felony that qualifies as a crime of violence (i.e. the sexual assault conviction). *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) ("If the

defendant previously was deported . . . after a conviction for a felony that is . . . a crime of violence . . . increase by 16 levels.").

Mr. Rivera-Delgado did not object to the PSR's Guidelines calculation, but he did request a downward sentencing variance pursuant to 18 U.S.C. § 3553(a). In his motion for a downward variance, Mr. Rivera-Delgado argued that the court should impose a variant sentence of 27 months because: (1) he was only eighteen years old when he committed the sexual assault; (2) he has strong ties to the United States and no ties to Mexico; (3) the illegal re-entry guidelines are not supported by empirical evidence; and (4) a variant sentence would avoid an unwarranted sentence disparity between himself and other similarly situated defendants in jurisdictions which employ so-called "fast-track" programs. The district court considered Mr. Rivera-Delgado's claims but ultimately concluded that a 41-month sentence, the low end of the Guidelines range, was appropriate under the circumstances. Mr. Rivera-Delgado now appeals the district court's decision to deny his request for a downward variance.

## II. DISCUSSION

We review sentences for both procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). A defendant may establish that his sentence is procedurally unreasonable by demonstrating, among other things, that the district court treated the Guidelines as mandatory or that it failed to consider the § 3553(a) factors. *Id.* When, however, the district court balances the § 3553(a) factors in considering a request for a

variance, "we generally defer to its decision to grant, or not grant, [the] variance." *Id.*

On appeal, Mr. Rivera-Delgado contends that the district court erroneously believed that granting a downward variance would be tantamount to holding that the Guidelines range had been calculated incorrectly. According to Mr. Rivera-Delgado, the district court's denial of a variance based on this flawed belief illuminates the court's more fundamental misconception that it lacked authority to vary downward from a correctly calculated Guidelines range. These claims, which essentially posit that the district court erred by treating the Guidelines as mandatory, implicate the procedural reasonableness of Mr. Rivera-Delgado's sentence.[1]

To support his claims, Mr. Rivera-Delgado relies almost exclusively on the following statement made by the district court judge during the sentencing hearing: "[I]f I were to grant a variance here, what I'm really saying is, there is really not a basis to give a 16-level enhancement for a crime of violence, and I think there really is." We do not agree with Mr. Rivera-Delgado that this statement demonstrates that the district court fundamentally misunderstood its sentencing authority or the advisory nature of the Guidelines. To the contrary, this statement reveals that the district court understood its

---

[1] We do not construe Mr. Rivera-Delgado's appeal as containing an argument that the district court denied his request for a variance based on an improper balancing of the § 3553(a) factors. Indeed, we have indicated that such claims implicate the substantive reasonableness of a sentence, *see Haley*, 529 F.3d at 1311, and Mr. Delgado-Rivera expressly waives any argument regarding the substantive reasonableness of his sentence. *See* Def.'s Reply Br. at 1 ("Mr. Rivera-Delgado does not argue in his opening brief that his sentence is substantively unreasonable."). Accordingly, we only consider whether the district court committed procedural error by treating the Guidelines as mandatory.

authority to deviate from the Guidelines based upon the § 3553(a) factors, but that it concluded, in its discretion, that the sentence produced by the Guidelines was appropriate under the circumstances. Furthermore, the transcript of the sentencing hearing is replete with statements from the sentencing judge which confirm that he did not believe he was bound by the advisory Guidelines range, and that he, in fact, considered various factors other than the Guidelines range. *See, e.g.*, Tr. of Sentencing Hr'g at 5 ("[W]hen I go further [than a strict Guidelines analysis], I'm having difficulty finding the factors that would justify a variant sentence"); *id.* at 12 (noting that Mr. Rivera-Delgado has "been crime-free since [the sexual assault conviction]," that he has "culturally assimilated into this country," and that "he has family here"); *id.* at 20–21 (considering Mr. Rivera-Delgado's criminal history and noting that "to give this defendant a break really does in some respects eviscerate or minimize the prior conviction"). Accordingly, our review of the sentencing hearing leads us to conclude that the district court understood its discretion, properly considered the § 3553(a) factors, and permissibly denied Mr. Rivera-Delgado's request for a variance.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge

- 5 -