FILED
United States Court of Appeals
Tenth Circuit

August 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERGIO DE LUCIO-OLVERA,

Defendant-Appellant.

No. 11-1546
(D.C. No. 1:11-CR-00110-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Sergio De Lucio-Olvera appeals the sentence imposed following his guilty

plea to illegal re-entry after deportation subsequent to an aggravated felony

conviction, in violation of 8 U.S.C. § 1326(a) & (b)(2). The district court sentenced

him to 30 months in prison, within the range indicated by the United States

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Our jurisdiction arises from 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

## Background

Mr. De Lucio-Olvera, a native of Mexico, has entered the United States illegally three times and has been deported twice. After he was deported the first time, he was convicted in Colorado state court in 2007 of felony theft and sentenced to 24 months' imprisonment. R. Vol. 3 at 14. He served approximately 17 months of that sentence, including credit for pretrial confinement. *See id.* After again being deported in April 2008, he illegally re-entered the United States in March 2009. In May 2009, he was charged in Colorado state court with sexual contact--peeping tom, theft--under $500, and false reporting, and was ultimately convicted of those charges. *Id.* at 15. In June 2009, he came to the attention of Immigration and Customs Enforcement officials and was charged with the offense at issue here.

In addition to the sexual-contact and felony-theft convictions, Mr. De Lucio-Olvera has sustained six convictions, including three for theft and three for fraud, as well as numerous alcohol-related driving offenses, and several failures to appear. *See id.* at 8-15. In addition, he has used numerous aliases, false dates of birth, and fraudulent social security numbers. *See id.* at 22.

The United States Probation Office prepared a presentence report ("PSR") that calculated Mr. De Lucio-Olvera's sentence pursuant to the Guidelines. According to the PSR, the Guidelines provided for a base offense level of 8. The felony-theft

- 2 -

conviction was a prior aggravated felony that added another 8 levels. *See* 8 U.S.C. § 1101(a)(43); U.S.S.G. § 2L1.2(b)(1)(C). Mr. De Lucio-Olvera received a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 13. His criminal history category was IV. Accordingly, the advisory Guidelines sentencing range was 24 to 30 months. R. Vol. 3 at 20. The PSR recommended a sentence of 30 months. *Id.* at 25.

The district court sentenced Mr. De Lucio-Olvera to 30 months in prison, noting that shortly after his return to the United States in March 2009, he committed a sex crime in May 2009. *See id.* Vol. 2 at 29. In addition, the court reviewed Mr. De Lucio-Olvera's criminal record, as well as his use of numerous false names, dates of birth, and social security numbers. *Id.* at 21. The court found no categorical impropriety in increasing the offense level based on a felony-theft conviction, and acknowledged that individualized consideration was required. *Id.* at 22. The court observed that Mr. De Lucio-Olvera was "stuck with the record he earned," which supported the recommended sentence. *Id.* at 30.

Mr. De Lucio-Olvera appeals his sentence, claiming that the sentence is substantively unreasonable because the district court weighted too heavily his prior felony-theft conviction.

**Discussion**

"We employ an abuse of discretion standard in reviewing a criminal defendant's sentence for substantive reasonableness." *United States v. Martinez,*

- 3 -

610 F.3d 1216, 1227 (10th Cir. 2010). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). "Because substantive reasonableness contemplates a range, not a point, in this arena we recognize a range of rationally available choices that the facts and law at issue can fairly support." *Martinez*, 610 F.3d at 1227 (citation omitted) (internal quotation marks omitted).

Mr. De Lucio-Olvera argues that the district court abused its discretion in sentencing him at the top of the advisory Guidelines range. Although he concedes that his felony-theft conviction falls within the definition of "aggravated felony" that warranted an increase of 8 levels, he contends that it did not justify being considered aggravated when compared with other felonies. He further argues that if the felony-theft conviction were considered independently, rather than as a prior aggravated felony, the Guidelines would yield a low offense level, thus demonstrating that the felony-theft conviction was accorded too much weight in the selection of his sentence. Finally, Mr. De Lucio-Olvera contends that the severity of his re-entry offense did not warrant a 30-month sentence in light of the § 3553(a) factors.

"Sentences imposed within the correctly calculated Guidelines range, such as the sentence at issue here, may be presumed reasonable on appeal." *Haley*, 529 F.3d at 1311. Although Mr. De Lucio-Olvera may rebut that presumption if he

demonstrates that the § 3553(a) factors warrant a lower sentence, this court will find an abuse of discretion only if the district court "renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted).

Mr. De Lucio-Olvera contends that the district court gave too much weight to his felony-theft conviction. But this court "may not examine the weight a district court assigns to various § 3553(a) factors"; rather, we "give due deference to the district court's decision that the § 3353(a) factors, on a whole, justify the sentence imposed." *United States v. Lewis*, 625 F.3d 1224, 1233 (10th Cir. 2010) (internal quotation marks and brackets omitted), *cert. denied*, 131 S. Ct. 1790 (2011). In light of all of the evidence in the record, including Mr. De Lucio-Olvera's repeated illegal re-entry into the United States, his criminal history, his commission of a serious crime shortly after his 2009 illegal re-entry, and the fact that his felony-theft conviction qualified as an aggravated felony, we cannot say that Mr. De Lucio-Olvera has rebutted the presumption that the within-Guidelines sentence was procedurally reasonable. We conclude that the district court did not abuse its discretion in imposing a sentence of 30 months.

## Conclusion

For the foregoing reasons, we AFFIRM Mr. De Lucio-Olvera's sentence.

Entered for the Court


Jerome A. Holmes
Circuit Judge