**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARIO HECTOR
CONTRERAS-HERNANDEZ, a/k/a
Jesus Gomez-Hernandez, a/k/a Jesus
Navarrete-Pano,

    Defendant - Appellant.

No. 13-1385
(D.C. No. 1:13-CR-00113-JLK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

After Mario Hector Contreras-Hernandez pleaded guilty to reentering this

country illegally after a prior deportation, the district court sentenced him to 24

months in prison. To be sure, the government recommended an 18-month

sentence. But both of these periods fell within the range suggested by the

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

advisory guidelines and, in considering the various sentencing factors prescribed by 18 U.S.C. § 3553(a), the district court judged a 24-month sentence more appropriate. It did so emphasizing, among other things, Mr. Contreras-Hernandez's record of recidivism — noting that Mr. Contreras-Hernandez had already been removed for illegally entering this country five times. Before us, Mr. Contreras-Hernandez does not challenge the procedures used by the district court to arrive at its sentence, arguing only that the sentence itself is substantively unreasonable. But a district court's substantive judgment at sentencing is reviewed on appeal only under a highly deferential abuse of discretion standard — a standard this court deems presumptively satisfied where, as here, the district court's sentence falls within the correctly calculated guideline range. *See, e.g.*, *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). After carefully reviewing Mr. Contreras-Hernandez's submission, we cannot conclude he has borne his burden of overcoming that presumption.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 2 -