**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

WILLIAM RYAN RIGGINS,

　　　　Defendant - Appellant.

No. 14-3060
(D.C. No. 6:13-CR-10146-MLB-1)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant and Appellant, William Ryan Riggins, appeals the sixty-six month sentence imposed following his plea of guilty to one count of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

manufacturing counterfeit United States securities, in violation of 18 U.S.C. § 471. Mr. Riggins' sixty-six-month sentence was an upward variance from the advisory sentencing range provided by the United States Sentencing Commission, Guidelines Manual ("USSG"). He appeals his sentence, arguing that it is substantively unreasonable. For the following reasons, we affirm the sentence imposed in this case.

## BACKGROUND

Mr. Riggins was arrested on June 12, 2013 by the Augusta Department of Public Safety on a local warrant. He was interviewed at the Butler County Jail. Based on information obtained from previous interviews and investigations, as well as information provided by Mr. Riggins, local agents determined that Mr. Riggins had manufactured and possessed counterfeit currency.

On September 11, 2013, a federal grand jury returned a seven-count indictment against Mr. Riggins, charging him with four counts of manufacturing United States securities, in violation of 18 U.S.C. § 471, and three counts of passing counterfeit obligations, in violation of 18 U.S.C. § 472. After he was transferred to federal custody, Mr. Riggins pled guilty to one count of manufacture of securities.

In preparation for sentencing under the Guidelines, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated a

total offense level of 13, which, with a criminal history score of 31 which resulted in a criminal history category of VI, yielded a recommended sentencing range of thirty-three to forty-one months. At the same date that the PSR was filed, Mr. Riggins filed a Sentencing Memorandum. That Memorandum described Mr. Riggins' long history of drug abuse, including his daily use of methamphetamine for the prior two years. Mr. Riggins also acknowledged his lengthy criminal history, including eight drug offense convictions, twelve convictions for theft-related crimes, ten driving-related offenses, and seven other offenses, including battery, trespass, criminal damage to property, and leaving a work release facility. Mr. Riggins requested a sentence at the low end of the advisory Guidelines range.

On March 18, 2014, the district court sent a letter pursuant to Fed. R. Crim. P. 32(h), informing the parties that it was considering an upward variance from the advisory Guidelines range of thirty-three to forty-one months. The letter expressed concern that Mr. Riggins's extensive and almost constant criminal involvement spanned fifteen years, or half of Mr. Riggins' life. The court further observed that Mr. Riggins' full criminal history score was more than twice the number required to place him in the most severe criminal history category. The court noted that it had "encountered very few defendants of any age having a criminal history category score this high." Letter at 1; R. Vol. 1 at 33. The letter also stated that, while none of Mr. Riggins' prior convictions were serious in the sense of involving acts of violence or weapons, they were collectively deemed to

be more serious because they had failed to deter Mr. Riggins from further and continuing criminal conduct. The district court also observed that Mr. Riggins had been revoked from probation on multiple occasions: "[e]qually striking is the fact that in almost all of the state sentences involving jail time, sentences were suspended and defendant was placed on probation which was later revoked and reinstated multiple times with respect to almost every conviction. In many cases, defendant absconded multiple times." Id. The court stated that the only way to protect the public from further criminal conduct by Mr. Riggins was to incarcerate him. The court also observed that Mr. Riggins crime of conviction (counterfeiting) was not a victimless, *de minimis* crime, and that it actually involved a significant maximum statutory penalty of twenty years.

On March 19, 2014, Mr. Riggins responded to the district court's letter with a Supplemental Sentencing Memorandum. In that Supplement, he pointed out that the PSR reported the same history of revocations from probationary status on multiple occasions in different contexts, thereby implicitly over-emphasizing them. He further stated that "his repeated failures have a common denominator – the drug use and his inability to stop." Supp. Sentencing Mem. at 2; R. Vol. 1 at 36.

Mr. Riggins appeared for sentencing on March 24, 2014. The government requested a sentence of thirty-three months. Mr. Riggins' brother testified about the influence of drugs on Mr. Riggins –"the drugs have taken a big influence in

his life . . . [H]e is a good guy and he is a good person and he has a strong heart and he has a heart for people. He don't run to organization crimes. . . . He was confused on methamphetamines. And I pretty much see that what started all this was the drugs." Tr. of Sentencing Hr'g at 22; R. Vol. 3 at 25. Mr. Riggins requested a sentence at the low end of the Guidelines range.

The district court sentenced Mr. Riggins to sixty-six months, an upward variance as contemplated in its March 18 letter, which it incorporated into its sentencing pronouncement. Mr. Riggins made no specific objection to the variance. This appeal followed, in which Mr. Riggins argues his sixty-six month sentence, which he characterizes as a 61% increase above the high end of the guideline range, is "substantially unreasonable and a violation of substantive due process." Appellant's Br. at 8.

## DISCUSSION

"[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard." United States v. Adams, 751 F.3d 1175, 1181 (10th Cir. 2014) (quoting United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008)), petition for cert. filed, No. 14-5787 (Aug. 12, 2014). "Reasonableness review" includes "a procedural and a substantive component." Id. (internal quotation marks omitted). "The procedural component concerns how the district court calculated and explained the sentence, whereas the substantive

component concerns whether the length of the sentence is reasonable in light of the statutory factors under 18 U.S.C. § 3553(a)." Id.

In this case, as indicated, the district court varied upward from the advisory Guidelines sentencing range. District courts may "vary from the guidelines 'through application of the § 3553(a) factors.'" Id. (quoting Alapizco-Valenzuela, 546 F.3d at 1216). In those cases, "we simply consider whether the length of the sentence is substantively reasonable utilizing the abuse-of-discretion standard." Id. And, "given the district court's institutional advantage over [an appellate court's] ability to determine whether the facts of an individual case justify a variance . . . , we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008).

Mr. Riggins' arguments against the variance in this case amount to a disagreement with the district court's analysis of the § 3553(a) sentencing factors. Thus, he argues that his criminal history, including his criminal history category of VI, do not justify the upward variance. That is simply a quarrel with the district court's assessment of the § 3553(a) factor requiring consideration of the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). And, Mr. Riggins' claim that the district court erroneously considered only the "number of criminal history points" rather than the "nature of [his] criminal history," simply reflects a misperception of the district court's sentencing analysis. Appellant's

Br. at 15. The court looked at Mr. Riggins' entire criminal history, including its display of persistent, almost continuous, criminal conduct of varying kinds, in determining that a longer custodial sentence was necessary.

Furthermore, Mr. Riggins disagrees with the district court's assessment of the nature and seriousness of the crime of conviction (counterfeiting), and the public need for protection from further criminal conduct by Mr. Riggins. But that sort of disagreement fails to convince us that the district court abused its discretion in selecting the sentence it did.

Additionally, to the extent Mr. Riggins makes arguments more properly directed at a situation where the district court *departed* from the advisory Guidelines range, as opposed to *varying*, which the court did in this case, those arguments are inapposite to the variance in question here. See United States v. Gantt, 679 F.3d 1240, 1247 (10th Cir.) ("A variance can be imposed without compliance with the rigorous requirements for departures."), cert. denied, 133 S. Ct. 555 (2012); Adams, 751 F.3d at 1182 ("We have declined to address arguments against variances that rely only on law applicable to departures.").

Finally, Mr. Riggins argues the sixty-six month sentence is arbitrary and capricious, because the district court failed to provide a substantial or sufficiently compelling justification to support the degree of variance. While Mr. Riggins claims he is not asking us to review this claim as one of procedural error, we consider the claim as essentially a claim of procedural error, to which Mr. Riggins

admittedly made no objection.  Without objection, we would review such a claim

only for plain error.  See United States v. Rosales-Miranda, 755 F.3d 1253, 1257

(10th Cir. 2014).

> Under this demanding standard, [Mr. Riggins] must demonstrate: (1)
> an error, (2) that is plain, which means clear or obvious under current
> law, and (3) that affects substantial rights.  If he satisfies these
> criteria, this Court may exercise discretion to correct the error if (4)
> it seriously affects the fairness, integrity, or public reputation of
> judicial proceedings.

United States v. McGehee, 672 F.3d 860, 876 (10th Cir. 2012) (further quotation

omitted).  No such plain error appears here.

In sum, the district court exercised its broad discretion to impose the

sentence it deemed appropriate under the relevant sentencing factors.  We discern

no abuse of that discretion.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-8-