**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARIO ERNESTO MEJIA-MELGAR,
a/k/a Mario Ernest Melgar,

    Defendant - Appellant.

No. 15-1274
(D.C. No. 1:15-CR-00100-LTB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Mario Ernesto Mejia-Melgar pleaded guilty to violating 8 U.S.C. § 1326(a)

and (b)(2) by reentering the United States after having already been removed from

the country following an aggravated felony conviction. The district court sentenced

him to 46 months' imprisonment—the low end of the advisory sentencing range

under the United States Sentencing Guidelines. Mejia-Melgar appeals, arguing that

his 46-month sentence is substantively unreasonable because it is primarily driven by

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

an eight-year-old offense that effectively doubled his Guidelines range. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mejia-Melgar—born on July 10, 1987, in San Salvador, El Salvador—first entered the United States when he was five years old. In 2008, he pleaded guilty to possession of a controlled substance (cocaine) with the intent to distribute it. After violating the terms of his probation, he was sentenced to 90 days in jail and was deported on November 11, 2009.

On July 26, 2011, after having illegally returned to the United States, Mejia-Melgar pleaded guilty to possession of a controlled substance (cocaine) and was sentenced to one year's imprisonment. On November 28, 2011, he was released to immigration authorities and pleaded guilty to illegally reentering the United States after being convicted of an aggravated felony. For this federal offense, he was sentenced to 22 months in prison and was deported again on January 17, 2014.

On January 8, 2015, having illegally reentered the United States yet again, Mejia-Melgar pleaded guilty to possession of a controlled substance (cocaine) and was sentenced to nine months in jail. On March 11, 2015, the federal government indicted Mejia-Melgar for illegally reentering the United States after having been previously removed for an aggravated felony conviction, to which he pleaded guilty. This offense is the basis for the present action.

Under the 2014 United States Sentencing Guidelines, Mejia-Melgar's Presentence Investigation Report (PSR) calculated his total offense level as 17. This

2

total offense level had the following components: (1) a base offense level of 8, U.S.S.G. § 2L1.2; (2) a twelve-level enhancement because Mejia-Melgar had previously been convicted of a drug-trafficking offense carrying a sentence less than 13 months, U.S.S.G. § 2L1.2(b)(1)(B); (3) a two-level decrease for acceptance of responsibility for his offense, U.S.S.G. § 3E1.1(a); and (4) a one-level decrease for timely notifying authorities of his intention to enter a guilty plea, U.S.S.G. § 3E1.1(b). Because Mejia-Melgar had amassed ten criminal-history points, he was in criminal-history category V. The advisory Guidelines range for a total offense level of 17 and a criminal-history category of V was 46–57 months.

In the district court, Mejia-Melgar filed a motion for a downward departure from the recommended Guidelines range. Specifically, he argued for a downward departure under U.S.S.G. § 2L1.2 Application Note 9, which, under stated circumstances, allows for a downward departure on the basis of cultural assimilation. Additionally, Mejia-Melgar argued for a downward departure based on his view that his Guidelines calculation too heavily emphasized his eight-year-old conviction for possession, with intent to distribute, a controlled substance. The district court rejected both arguments and sentenced Mejia-Melgar to 46 months' imprisonment. Mejia-Melgar timely appealed.

## DISCUSSION

"We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). While our review encompasses both the procedural and substantive soundness of the

3

district court's decision, *see id.*, Mejia-Melgar challenges only the substantive reasonableness of his sentence. "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *Id.* In other words, "[w]e find an abuse of discretion only if the district court was 'arbitrary, capricious, whimsical, or manifestly unreasonable' when it weighed 'the permissible § 3553(a) factors in light of the totality of the circumstances.'" *United States v. Sanchez-Leon*, 764 F.3d 1248, 1267 (10th Cir. 2014) (quoting *United States v. Sayad*, 589 F.3d 1110, 1116, 1118 (10th Cir. 2009)).

"Sentences imposed within the correctly calculated Guidelines range . . . may be presumed reasonable on appeal." *Haley*, 529 F.3d at 1311. Here, the district court imposed a sentence at the low end of the recommended Guidelines range, and Mejia-Melgar does not contend that the PSR incorrectly calculated the Guidelines range. Therefore, we presume that Mejia-Melgar's sentence is reasonable.

Mejia-Melgar fails to rebut the presumption of reasonableness. He fails to show that the district court abused its discretion in weighing the § 3553(a) factors. On appeal, Mejia-Melgar has abandoned his cultural-assimilation argument, choosing to focus instead on his other argument that—apparently because he was 20 years old when he committed his felony drug-trafficking crime—"the district court failed to give due consideration to the outsized effect that Mr. Mejia's 2007 [possession-with-intent-to-distribute] offense had on his advisory guideline range." Appellant's Opening Br. at 8. Even so, in the midst of this argument, Mejia-Melgar concedes that

4

"[o]f course, this is not to say that the district court should have ignored the [possession-with-intent-to-distribute] offense altogether." *Id.* at 10. We note that Mejia-Melgar cites no authority supporting his argument that a district court abuses its discretion by applying the terms set by U.S.S.G. § 2L1.2(b)(1)(B) in his circumstances.

We also note that the district court properly considered the § 3553(a) factors and concluded that a 46-month sentence was appropriate. Specifically, the district court concluded that Mejia-Melgar's offense was particularly serious because Mejia-Melgar had essentially "been in a revolving door" of crime. R. vol. 3 at 57. As evidenced by his criminal history, his behavior follows a well-established pattern of violating the drug laws, being deported, illegally reentering the United States, and violating the drug laws again. The district court acknowledged his cocaine addiction, but noted that it did "not believe that any sentence" imposed would "deter . . . [Mejia-Melgar] from illegally reentering this country again." *Id.* The district court concluded by noting that "[a]ll of what you tell me in arguing for a more lenient sentence leads me to conclude that your sentence should be at the bottom of the guideline range rather than higher." *Id.* at 58. The district court was well within its discretion to conclude as much, and we certainly cannot say it abused its discretion in imposing a 46-month sentence in this case.

**CONCLUSION**

For the foregoing reasons, we affirm.

Entered for the Court


Gregory A. Phillips
Circuit Judge