FILED
United States Court of Appeals
Tenth Circuit

June 12, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERRY EARNEST BALLARD,

    Defendant - Appellant.

No. 25-6040
(D.C. No. 5:24-CR-00071-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Defendant Jerry Earnest Ballard challenges the substantive reasonableness of

his 180-month sentence for assault with a dangerous weapon and possession of a

prohibited object. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C.

§ 1291 and affirm. Given Defendant's egregious history of violent behavior and

prison misconduct, the district court did not abuse its discretion by affording

additional weight to particular sentencing factors: the need to protect the public, to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

deter future crimes, and to dispense a just punishment. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## I. BACKGROUND

### A. The Incident

The recitation of facts in the presentence report is not disputed. On August 10, 2023, an officer at the Federal Transfer Center in Oklahoma City, Oklahoma, saw Defendant striking C.H., another inmate. Defendant was holding what looked like a weapon, which was later determined to be a five-inch-long piece of sharpened plastic fashioned from a chair leg. The matching chair was found in Defendant's cell. Even after the officer deployed pepper spray, Defendant continued to assault C.H., so the officer physically intervened.

According to C.H., he was lying down in his cell when Defendant and two other inmates entered and asked to buy drugs. C.H. told them he did not have any drugs, and the two other inmates exited. Defendant, however, remained and began to stab C.H. C.H. said that he believed he would have been stabbed to death if the officer had not intervened.

### B. Sentencing

Defendant pleaded guilty to assault with a dangerous weapon, 18 U.S.C. § 113(a)(3), and possession of a prohibited object, 18 U.S.C. § 1791(a)(2). At the sentencing hearing the court observed that Defendant "can be volatile and unpredictable." R., Vol. 3 at 81. It gave particular attention to "the seriousness of the

offense"—a violent assault—and Defendant's criminal history, which included "prior incidents of assaultive and violent behavior." *Id.*

In 2001, while serving a sentence for indecent exposure, Defendant repeatedly kicked a correctional officer in the stomach and legs and spat on the officer's face. In 2003, while serving the same sentence, Defendant struck a correctional officer in the face, head, and chest and ejaculated semen onto the officer. He pleaded guilty to charges based on both attacks and was sentenced to five years' custody. He was released in February 2009.

In May 2009, while not institutionalized, Defendant repeatedly stabbed a neighbor in the arm and shoulder following an argument. He pleaded guilty to a charge of assault and battery of a high and aggravated nature and was sentenced to three years' custody. He was released in February 2012.

From May to July 2012 Defendant engaged in a series of armed robberies. The first was a drug-related home invasion culminating in a resident of the house being shot and killed. The other three were convenience-store robberies, two of which were unsuccessful. In one robbery, Defendant discharged his firearm into the wall, narrowly missing the store clerk's head. Defendant pleaded guilty to robbery and firearm charges and was sentenced to 336 months' custody. His projected release date was in January 2038.

While serving this sentence, Defendant has continued to add to his record of violent behavior, including by assaulting officers and other inmates on four occasions, possessing a dangerous weapon on four occasions, and threatening bodily

3

harm or injury on ten occasions. More recent incident reports show that he has continued to threaten and assault officers and has urinated on and thrown feces at them.

The court noted this history of violent behavior and observed that Defendant's prior sentences have provided neither deterrence nor protection for the public. It acknowledged Defendant's "mental health issues" and "dysfunctional and unstable childhood," *Id.* at 84, but it concluded that these mitigating considerations were "substantially outweighed by the needs for protection of the public, deterrence, and just punishment." *Id.* at 85.

The court imposed a sentence of 120 months for the assault-with-a-dangerous-weapon charge and 60 months for the possession-of-a-prohibited-object charge—both the statutory maximums—to be served consecutively to each other and to the remainder of the sentence Defendant was currently serving. The government had requested an overall sentence of 120 months. Defendant's guideline range was 57 to 71 months.

## II.    DISCUSSION

Defendant argues that his 180-month sentence is substantively unreasonable. He contends that the court "skewed its consideration of the statutory factors" by not giving enough weight to the magnitude of his mental-health challenges, including untreated posttraumatic stress disorder, and lack of effective treatment options. Aplt. Br. at 16. He also contends that the court did not weigh the length of the

28-year sentence he was already serving when it tacked an additional 15 years onto the end of that sentence.

"We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) [sentencing] factors." *Id.* Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) just punishment (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation; (3) the kinds of sentences available; (4) the Sentencing Commission Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution.

*United States v. Cookson*, 922 F.3d 1079, 1092 (10th Cir. 2019) (citation and internal quotation marks omitted); *see* 18 U.S.C. § 3553(a)(1)–(7).

The district court did not abuse its discretion by determining that the weight of the factors supported sentencing Defendant to 180 months. A court "need not afford equal weight to each of the factors." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1268 (10th Cir. 2014). To the contrary, a court may "quite reasonably attach[] great weight" to certain factors without acting unreasonably. *Gall v. United States*, 552 U.S. 38, 57 (2007). That is what happened here. The court said that it had "fully considered" the very factors Defendant says it neglected: his mental-health issues and need for educational or vocational training, medical care, and other correctional treatment. R., Vol. 3 at 84. But it concluded that the need to protect the public, to

5

deter future crimes, and to provide just punishment for the offense outweighed those mitigating concerns. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). We can hardly fault the court for this conclusion, given Defendant's many "prior incidents of assaultive and violent behavior," *Id.* at 81, and his "egregious prison record," filled with more than 90 prison-misconduct entries, *Id.* at 82. The court also observed that there was no sign that Defendant would seek voluntary treatment or conform his behavior as a condition of supervised release, underscoring the need to protect the public.

Defendant relies on *United States v. Smith*, 756 F.3d 1179, 1183–84 (10th Cir. 2014) (Gorsuch, J.), to assert that "the length of other sentences a defendant is serving is relevant to the selection of a sentence under 18 U.S.C. § 3553(a)." Aplt. Br. at 21. But *Smith* merely acknowledged a concession by the government that "district courts normally may find other sentences issued *for related counts of conviction* relevant when applying § 3553(a)'s broad categories of consideration to ascertain an appropriate punishment *for a remaining count of conviction*." *Smith*, 756 F.3d at 1183–84 (emphasis added, internal quotation marks omitted). In contrast, the convictions before us are not related to the sentence Defendant is already serving. More importantly, the issue in *Smith* was whether a sentencing court "may"—not must—find those related sentences relevant. *Id.* at 1183. Though the district court, in its discretion, could have considered Defendant's existing 28-year sentence when applying the § 3553(a) sentencing factors, the length of sentences for unrelated convictions does not itself fall within any of those factors and thus was not a mandatory consideration.

6

## III.    CONCLUSION

We **AFFIRM** the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge