FILED
United States Court of Appeals
Tenth Circuit

July 19, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LESSIE B. COOPER, JR.,

Defendant - Appellant.

No. 12-3250
(D.C. No. 6:12-CR-10071-EFM-1)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **EBEL**, and **HOLMES**, Circuit Judges.

---

Lessie B. Cooper, Jr., pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 924(c). At sentencing, the district court found that Mr. Cooper was subject to a statutory ten-year mandatory minimum because the firearm was a short-barreled rifle. *See* 18 U.S.C. § 924(c)(1)(B)(i). Mr. Cooper objected that § 924(c)(1)(B)(i) provided a specific

---

[*]        After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

        This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

sentence of ten years instead of a range of ten years to life, as interpreted by the court and the government, and that this section was not appropriately applied to him because he had not admitted to knowing that the rifle had a shortened barrel. Overruling these objections, the district court sentenced Mr. Cooper to a term of 160 months' imprisonment. On appeal, Mr. Cooper raises the same arguments he made before the district court. For the reasons set forth below, we affirm in part and reverse and remand in part.

# I

In March 2012, Mr. Cooper and another individual robbed a branch of Commerce Bank in Wichita, Kansas. In carrying out the robbery, Mr. Cooper brandished a 9mm semi-automatic rifle with a shortened barrel. He was arrested shortly after leaving the bank and was subsequently charged with three counts, all related to the robbery. As relevant here, Count Two charged Mr. Cooper with brandishing a semi-automatic rifle during and in relation to a crime of violence. Notably, the indictment did not charge Mr. Cooper with using a short-barreled rifle, nor did it mention that the rifle used had a shortened barrel.[1]

Mr. Cooper pleaded guilty to Count Two. In his plea agreement, Mr.

---

[1] Specifically, Count Two of the indictment charged that Mr. Cooper "knowingly carried and used a firearm, to wit: a Hi-Point, Model 995, 9mm rifle, . . . which was brandished, during and in relation to a crime of violence . . . , that is, the robbery of Commerce Bank." R., Vol. I, at 7–8 (Indictment, filed Mar. 27, 2012).

2

Cooper admitted that he had brandished the rifle, and that the rifle "was measured to have a barrel length of 16.5 inches and a[n] overall length of 20.75 inches." R., Vol. I, at 18 (Plea Agreement, filed June 13, 2012). Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report.[2] The Probation Office determined that Mr. Cooper was subject to a ten-year mandatory minimum, under 18 U.S.C. § 924(c)(1)(B)(i). Section 924(c)(1) punishes "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The subsection at issue provides that such person "shall be sentenced to a term of imprisonment of *not less than* 10 years" if the firearm "is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon." *Id.* § 924(c)(1)(B)(i) (emphasis added).

Mr. Cooper objected to the PSR's characterization of § 924(c)(1)(B)(i) as providing a mandatory minimum as opposed to a specific statutory sentence. Additionally, he objected to the application of this subsection because he had not specifically admitted to knowing that the rifle had a shortened barrel. The district court overruled both objections. The district court found that the correct Guidelines range was ten years to life imprisonment. The district court then sentenced Mr. Cooper to 160 months' imprisonment. On the government's

_____

[2] The Probation Office used the 2011 edition of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"); we do the same.

3

motion, made pursuant to the plea agreement, the district court dismissed the two remaining counts. Mr. Cooper raises the same two issues on appeal.

## II

We review a defendant's sentence "under an abuse of discretion standard for procedural . . . reasonableness." *United States v. Gordon*, 710 F.3d 1124, 1160 (10th Cir. 2013) (quoting *United States v. Snow*, 663 F.3d 1156, 1160 (10th Cir. 2011)) (internal quotation marks omitted). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). "A sentence is procedurally unreasonable if the district court incorrectly calculates . . . the Guidelines sentence . . . ." *Gordon*, 710 F.3d at 1160 (quoting *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008)) (internal quotation marks omitted). Finally, we "review the court's legal conclusions de novo and its factual findings for clear error." *United States v. Ramos*, 695 F.3d 1035, 1039 (10th Cir. 2012) (quoting *United States v. Burgess*, 576 F.3d 1078, 1101 (10th Cir. 2009)) (internal quotation marks omitted).

## A

Mr. Cooper first asserts that the district court's interpretation of 18 U.S.C. § 924(c) as setting a sentencing range instead of a specific, fixed term of years was in error. We may, however, easily dispose of this argument. Indeed, as Mr. Cooper admits, it is foreclosed by our precedent. *See* Aplt. Opening Br. at 4

4

("This Circuit, along with every other Circuit Court to address the issue, has rejected th[is] argument and held that the maximum sentencing provision under § 924(c) is implicitly life, even though the statute does not say so."). As we have previously explained, § 924(c) "sets a maximum penalty . . . of life imprisonment and specifies that a defendant found to possess a particular type of weapon will receive a specific mandatory minimum prison sentence." *United States v. Avery*, 295 F.3d 1158, 1170 (10th Cir. 2002); *see United States v. Bowen*, 527 F.3d 1065, 1074 n.7 (10th Cir. 2008) ("[T]he 'maximum penalty' for a violation of § 924(c)(1) is 'life imprisonment.'" (quoting *Avery*, 295 F.3d at 1170)); *see also Alleyne v. United States*, 570 U.S. ----, 133 S. Ct. 2151, 2160 (2013) (noting that the base penalty under § 924(c) "is five years *to life in prison*" and explaining that "the maximum of life marks the outer boundary of the range" (emphasis added)).

"We cannot, of course, 'overturn the decision of another panel of this court barring en banc reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court.'" *United States v. De Vaughn*, 694 F.3d 1141, 1149 n.4 (10th Cir. 2012) (quoting *United States v. Edward J.*, 224 F.3d 1216, 1220 (10th Cir. 2000)). Because none of these events has ensued, we hold that the district court properly concluded that § 924(c) provides for a statutory range with life as the upper boundary.

5

**B**

Mr. Cooper's second challenge on appeal addresses the district court's application of § 924(c)(1)(B)(i). Specifically, he argues that the short-barreled nature of the firearm is an offense element—that is, it is an element of a specific § 924(c) offense relating to such firearms, i.e., § 924(c)(1)(B)(i). Consequently, he reasons that before the district court could properly apply § 924(c)(1)(B)(i) in sentencing a defendant, either the defendant must have admitted to this short-barreled element in connection with his conviction of the § 924(c) offense, or there must have been a factual finding regarding this element by a jury, beyond a reasonable doubt. Moreover, he contends that, because a shortened barrel is an element, the government must prove a *mens rea* related to that element—specifically, that Mr. Cooper knew the firearm was a short-barreled rifle.

In response the government concedes "that the fact that a firearm is short-barreled is an element of the offense under § 924(c)(1)(B)(i)." Aplee. Br. at 18 n.6; *see id.* at 14–17; *see also id.* at 7 n.2 (explaining that the "Department of Justice adopted this new position on October 23, 2012, after [Mr. Cooper] was sentenced"). Therefore, the government reasons that because Mr. Cooper was not charged with this element, the district court committed procedural error in taking the element into account when sentencing Mr. Cooper, and Mr. Cooper must be resentenced. However, the government also maintains that because we should

6

remand for resentencing under the appropriate subsection of § 924(c) (relating to brandishing of a firearm), we need not reach the question of whether the government was required to prove that Mr. Cooper knew the weapon had a shortened barrel (that is, the *mens-rea* issue). We agree with the government that we need not reach the *mens-rea* issue and thus leave it for another day.

For purposes of resolving this appeal, we assume without deciding that the parties' conclusion is correct: the fact that the firearm is short-barreled is an element of the offense. Thus, accepting the short-barreled nature of the firearm as an element, it is clear that the government was obliged to charge this fact in the indictment. *See United States v. O'Brien*, 560 U.S. 218, 130 S. Ct. 2169, 2174 (2010) ("Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt."); *United States v. Hathaway*, 318 F.3d 1001, 1006 (10th Cir. 2003) ("Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." (quoting *Jones v. United States*, 526 U.S. 227, 232 (1999)) (internal quotation marks omitted)). This the government failed to do. *See* Aplee. Br. at 15 (admitting that since the indictment "did not charge [Mr. Cooper] with using a short-barreled firearm, which is an element of the offense, he was not convicted of this offense," but contending that Mr. Cooper still stands convicted of the § 924(c) offense relating to brandishing a firearm).

7

We agree with the parties that the district court committed procedural error in making a finding regarding the short-barreled nature of the weapon and concluding that Mr. Cooper was subject to § 924(c)(1)(B)(i)'s ten-year mandatory minimum. "A sentence is procedurally unreasonable if the district court incorrectly calculates . . . the Guidelines sentence . . . ." *Gordon*, 710 F.3d at 1160 (quoting *Haley*, 529 F.3d at 1311) (internal quotation marks omitted); *see United States v. Kieffer*, 681 F.3d 1143, 1166 (10th Cir. 2012). In relying on its finding regarding the applicability of the ten-year mandatory minimum from § 924(c)(1)(B)(i) to conclude that the advisory Guidelines sentence was ten years, *see* U.S.S.G. § 2K2.4(b) (providing, *inter alia*, that "if the defendant, . . . was convicted of violating [18 U.S.C. §] 924(c) . . . , the guideline sentence is the minimum term of imprisonment required by statute"), the district court improperly calculated the Guidelines sentence.

Procedural error is reversible error unless it is harmless; error is harmless "if the record viewed as a whole clearly indicates the district court would have imposed the same sentence had it not relied on the procedural miscue(s)." *Kieffer*, 681 F.3d at 1165. Once again, the government concedes "that the error was not harmless and seeks remand for a new sentencing proceeding uninfected by the procedural error." Aplee. Br. at 17. We agree and grant the relief that both parties seek—*viz.*, we reverse and remand, so that the district court can resentence Mr. Cooper under the correct subsection of 18 U.S.C. § 924(c).

8

## III

We **affirm** the judgment of the district court, insofar as the court correctly recognized that 18 U.S.C. § 924(c) establishes statutory mandatory minimums and implicit maximums of life. We **reverse** the judgment of the district court with respect to the application of 18 U.S.C. § 924(c)(1)(B)(i) and **remand** the case to the district court with instructions to **vacate** Mr. Cooper's sentence and resentence him in accordance with this order and judgement.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

9